UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| WILLIAM WIESE, an individual; JEERMIAH MORRIS, an individual; LANCE COWLEY, an individual; SHERMAN MACASTON, an individual; ADAM RICHARDS, in his capacity as Trustee of the Magazine Ban Lawsuit Trust; CLIFFORD FLORES, individually and as trustee of the Flores Family Trust; L.Q. DANG, an individual; FRANK FEDEREAU, an individual; ALAN NORMANDY, an individual; TODD NIELSEN, an individual; THE CALGUNS FOUNDATION; FIREARMS POLICY COALITION; FIREARMS POLICY FOUNDATION; and SECOND AMENDMENT FOUNDATION;<br><br>        Plaintiffs,<br><br>  v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of California; and MARTHA SUPERNOR, in her official capacity as Acting Chief of the Department of Justice Bureau of Firearms;<br><br>        Defendants. | Civ. No.  2:17-903 WBS KJN<br><br>ORDER RE: MOTION FOR<br>TEMPORARY RESTRAINING ORDER |

1

----oo0oo----

Before the court is plaintiffs' Renewed Motion for Temporary Restraining Order, and Issuance of Preliminary Injunction. (Docket No. 28.) The court held a hearing on the request for a temporary restraining order on June 16, 2017.

I.   Factual and Procedural History

This case concerns a challenge to California's prohibition on the possession of gun magazines that can hold more than ten bullets, or "large capacity" magazines.[1] Although California has banned the sale or transfer of such magazines since 2000, it did not ban the possession of such magazines obtained prior to 2000.[2]

On July 1, 2016, however, California enacted Senate Bill 1446 ("SB 1446"), which amended California Penal Code Section 32310, criminalizing the possession of large capacity magazines as of July 1, 2017, regardless of when the magazines were obtained. Then, on November 8, 2016, the California electorate approved Proposition 63, which largely mirrors SB 1446. The amended version of Section 32310 requires that anyone possessing a large capacity magazine either remove the magazine from the state, sell the magazine to a licensed firearms dealer, or surrender the magazine to the state for its destruction prior

---

[1]   Large capacity magazines are defined under California Penal Code § 16740 as any ammunition-feeding device with the capacity to accept more than 10 rounds.

[2]   Federal law also banned possession of large capacity magazines from 1994 until the sunset of the law in 2004. Fyock v. Sunnyvale, 779 F.3d 991, 994 (9th Cir. 2015).

2

1   to July 1, 2017.  Cal. Penal Code § 32310(d).  The amended
2   version of Section 32310 also provides that possession of a large
3   capacity magazine as of July 1, 2017 constitutes an infraction or
4   a misdemeanor punishable by a fine not to exceed $100 per large
5   capacity magazine and/or imprisonment in a county jail not to
6   exceed one year.  Cal. Penal Code § 32310(c).
7          On April 28, 2017, plaintiffs filed the instant action
8   alleging that Section 32310 is unconstitutional, and then an
9   amended complaint on June 5, 2017.  Plaintiffs then filed a
10  motion for a temporary restraining order and preliminary
11  injunction on June 12, 2017 and a renewed motion on June 14,
12  2017.  The instant motion seeks to enjoin enforcement of this
13  statute statewide.
14  II. Discussion
15         Injunctive relief is "an extraordinary and drastic
16  remedy, one that should not be granted unless the movant, by a
17  clear showing, carries the burden of persuasion." Mazurek v.
18  Armstrong, 520 U.S. 968, 972 (1997) (citation omitted).  In order
19  to obtain a temporary restraining order or preliminary
20  injunction, the moving party must establish (1) it is likely to
21  succeed on the merits, (2) it is likely to suffer irreparable
22  harm in the absence of preliminary relief, (3) the balance of
23  equities tips in its favor, and (4) an injunction is in the
24  public interest.  Winter v. Nat. Res. Def. Council, Inc., 555
25  U.S. 7, 20-21 (2008); Humane Soc'y of the U.S. v. Gutierrez, 558
26  F.3d 896, 896 (9th Cir. 2009); see Credit Bureau Connection, Inc.
27  v. Pardini, 726 F. Supp. 2d 1107, 1132 (E.D. Cal. 2010)
28  (citations omitted) (standards for temporary restraining orders

3

1  and preliminary injunctions are the same).
2         In order to obtain preliminary injunctive relief,
3  plaintiffs must "establish that irreparable harm is likely, not
4  just possible, in order to obtain" injunctive relief.  All. for
5  the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011)
6  (citing Winter, 555 U.S. at 22).  Here, plaintiffs contend that
7  they will be irreparably harmed by having to surrender their
8  large capacity magazines, which they contend are irreplaceable
9  due to California's ban on the transfer of large capacity
10 magazines, and because such surrender infringes their
11 constitutional rights.
12        "Generally, irreparable harm is presumed if a violation
13 of the constitution is shown."  Bailey v. Clovis Unified Sch.
14 Dist., No. 08-CV-0146-AWI-GSA, 2008 WL 268830, at *1 (E.D. Cal.
15 Jan. 30, 2008) (citing Goldies' Bookstore, Inc. v. Superior
16 Court, 739 F.2d 466, 472 (9th Cir. 1984)).  However, where a
17 federal injunction is sought against a government entity, the
18 party requesting relief must show a threat of "great and
19 immediate" irreparable harm.  Id. (citing City of Los Angeles v.
20 Lyons, 461 U.S. 95, 112 (1983)).
21        Further, a plaintiff's "long delay before seeking a
22 preliminary injunction implies a lack of urgency and irreparable
23 harm."  Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d
24 1374, 1377 (9th Cir. 1985); see also Lydo Enters. v. City of Las
25 Vegas, 745 F.2d 1211, 1213 (9th Cir. 1984) (delay in seeking
26 preliminary injunction is a factor to be considered in weighing
27 the propriety of relief, because "[b]y sleeping on its rights a
28 plaintiff demonstrates the lack of need for speedy action"

(citations omitted)); E.D. Local Rule 231(b)(court will consider whether applicant seeking a temporary restraining order "could have sought relief by motion for preliminary junction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order," and undue delay may constitute grounds to deny the request).

Here, plaintiffs' delay in filing this case and in requesting a temporary restraining order strongly weigh against a finding of great and immediate irreparable harm.  Notwithstanding the enactment of SB 1446 on July 1, 2016, the passage of Proposition 63 on November 8, 2016, and the fact that both SB 1446 and Proposition 63 banned large capacity magazines as of July 1, 2017, plaintiffs waited until almost May of this year to file their suit, and then waited until mid-June to request a temporary restraining order, which they ask the court to grant before July 1, 2017.

Plaintiffs' counsel argued at the hearing on the motion that plaintiffs delayed bringing their suit due to ambiguity regarding whether SB 1446's version or Proposition 63's version applied, due to the California Department of Justice's promulgation and then rescission of proposed implementing regulations, and due to the desire to avoid piecemeal litigation. These excuses do not justify plaintiffs bringing their request for a temporary restraining order at the last minute, a month and a half after bringing suit to request immediate injunctive relief.  There is no reason why plaintiffs could not have immediately moved for a preliminary injunction upon filing their suit, even assuming they were justified in waiting to until the

5

end of April to bring the action in the first place.

Although the pending motion does not require the court to make a final determination on the merits of plaintiffs' claims, it does require the court to assess the likelihood of success on plaintiffs' claims, which requires a review of all the submitted materials.  It is unrealistic to expect the court to decide the weighty and vitally important issue of the constitutionality of a state statute, enacted by both the California electorate and the California Legislature, on such an extremely expedited schedule.  Indeed, it would be impossible to do so, given the submissions of the parties, which total thousands of pages.  Even assuming the court had the superhuman power to drop everything else and review all the submitted materials, this is simply not the way justice may and should be done.

Most importantly, plaintiffs still may vindicate their rights through their request for a preliminary injunction in this court, which will be heard by this court on June 29, 2017, before the large capacity magazine ban takes effect.  If plaintiffs meet their burden of showing that a preliminary injunction is warranted, the court may enjoin the applicable statute and prevent any deprivation of plaintiffs' rights and the corresponding irreparable harm.  It will also give the court more time, albeit not as much as the court should have had if plaintiffs had been diligent in bringing their motion, to study the materials in order to arrive at a correct decision.

Based on all of the above considerations, because plaintiffs have not established great and immediate irreparable

harm warranting the grant of the extraordinary relief of a temporary restraining order,[3] IT IS HEREBY ORDERED that plaintiffs' Renewed Motion for Temporary Restraining Order (Docket No. 28) be, and the same hereby is, DENIED.  This matter is set for hearing on plaintiffs' request for a preliminary injunction on June 29, 2017 at 9:00 a.m. in Courtroom 5.  The parties shall file simultaneous supplemental briefs by 12:00 p.m. on June 23, 2017.

Dated:  June 16, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3] Because of the court's determination that plaintiffs have not made a sufficient showing of irreparable harm, the court need not examine the balance of hardships or whether plaintiffs have established a likelihood of success on the merits or that the public interest favors injunctive relief.

7