UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| WILLIAM WIESE, an individual; JEERMIAH MORRIS, an individual; LANCE COWLEY, an individual; SHERMAN MACASTON, an individual; ADAM RICHARDS, in his capacity as Trustee of the Magazine Ban Lawsuit Trust; CLIFFORD FLORES, individually and as trustee of the Flores Family Trust; L.Q. DANG, an individual; FRANK FEDEREAU, an individual; ALAN NORMANDY, an individual; TODD NIELSEN, an individual; THE CALGUNS FOUNDATION; FIREARMS POLICY COALITION; FIREARMS POLICY FOUNDATION; and SECOND AMENDMENT FOUNDATION;<br><br>    Plaintiffs,<br><br>  v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of California; and MARTHA SUPERNOR, in her official capacity as Acting Chief of the Department of Justice Bureau of Firearms;<br><br>    Defendants. | Civ. No. 2:17-903 WBS KJN<br><br>ORDER |

1

----oo0oo----

The court notes that the Attorney General has filed a notice of appeal from the preliminary injunction issued by the United States District Court for the Southern District of California in Duncan v. Becerra, Civ. No. 3:17-1017 BEN JLB. While the arguments raised by the plaintiffs in that case and the instant case are not identical, the plaintiffs in both cases make substantially similar arguments regarding whether California's large capacity ban violates the Second Amendment and Takings Clause of the United States Constitution. Thus, a decision by the Ninth Circuit regarding the Duncan case may be dispositive as to key issues in this case.

In light of this development, within fourteen days from the date of this Order the parties in this case shall submit a Joint Status Report setting forth the their respective positions on whether this court should stay proceedings in this case pending the appeal in Duncan v. Becerra.[1]

IT IS SO ORDERED.

Dated: July 28, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979). See also Alvarez v. T-Mobile USA, Inc., Civ. No. 2:10-2374 WBS GGH, 2010 WL 5092971, *1 (E.D. Cal. Dec. 7, 2010) (a district court has the inherent power to manage its own cases based on "the economy of time and effort for itself, for counsel, and for litigants") (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).