1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  MARK R. BECKINGTON, State Bar No. 126009
   Supervising Deputy Attorney General
3  JOHN D. ECHEVERRIA, State Bar No. 268843
   Deputy Attorney General
4    300 South Spring Street, Suite 1702
     Los Angeles, CA  90013
5    Telephone:  (213) 269-6249
     Fax:  (213) 897-5775
6    E-mail:  John.Echeverria@doj.ca.gov
   *Attorneys for Defendants*

7

8                  IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10                        SACRAMENTO DIVISION

11

12

13  **WILLIAM WIESE, et al.,**                2:17-cv-00903-WBS-KJN

                                 Plaintiffs,
14
                                             **DEFENDANTS' NOTICE OF MOTION
15       v.                                  AND MOTION TO DISMISS THIRD
                                             AMENDED COMPLAINT**
16  **XAVIER BECERRA, et al.,**
                                             Date:        February 19, 2019
17                              Defendants.   Time:        1:30 p.m.
                                             Courtroom:   5, 14th Floor
18                                           Judge:       Hon. William B. Shubb
                                             Trial Date:  None Set
19                                           Action Filed: April 28, 2017

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION .................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 3

INTRODUCTION ........................................................................................................... 3

BACKGROUND ............................................................................................................. 4

    I.     Relevant Law and Procedural History. .................................................... 4

          A.     Section 32310 ................................................................................ 4

          B.     Procedural History. ...................................................................... 6

    II.    Overview of the Third Amended Complaint. .......................................... 7

ARGUMENT ................................................................................................................... 8

    I.     Legal Standard. ....................................................................................... 8

    II.    Plaintiffs Have Again Failed to State Any Plausible Claim for Relief. ................ 9

          A.     Plaintiffs' Second Amendment Claim Fails as a Matter of Law. ............. 10

          B.     Plaintiffs' Takings Claim Fails as a Matter of Law. ................................. 15

               1.     Section 32310 Does Not Effect a Physical Taking. ..................... 16

               2.     Section 32310 Does Not Effect a Regulatory Taking. ................. 17

          C.     Plaintiffs' Vagueness Claims Fail as a Matter of Law. ............................. 18

          D.     Plaintiffs' Overbreadth Claim Fails as a Matter of Law. .......................... 21

          E.     Plaintiffs' Equal Protection Claim Fails as a Matter of Law. ................... 22

CONCLUSION ............................................................................................................... 23

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Akins v. United States*
   82 Fed. Cl. 619 (2008) ...................................................................................18

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) .........................................................................1, 8, 9, 13

*Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Attorney General N.J. (ANJRPC)*
   910 F.3d 106 (3d Cir. 2018).......................................................... *passim*

*Barber v. State of Haw.*
   42 F.3d 1185 (9th Cir. 1994)..........................................................................10

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544 (2007) ...................................................................................1, 8

*Burns v. Mukasey*
   No. CIV S-09-0497-MCE-CMK, 2009 WL 3756489 (E.D. Cal. Nov. 6, 2009) ....................18

*Cal. Teachers Ass'n v. State Bd. of Educ.*
   271 F.3d 1141 (9th Cir. 2001)........................................................................20

*Chem. Specialties Mfrs. Ass'n v. Allenby*
   958 F.2d 941 (9th Cir. 1992)...........................................................................9

*Chevron USA, Inc. v. Cayetano*
   224 F.3d 1030 (9th Cir. 2000)........................................................................16

*Chi., B. & Q. Ry. Co. v. Illinois*
   200 U.S. 561 (1906)......................................................................................18

*City of Cleburne v. Cleburne Living Ctr.*
   473 U.S. 432 (1985)......................................................................................22

*Ctr. for Competitive Politics v. Harris*
   784 F.3d 1307 (9th Cir. 2015)..........................................................................9

*Customer Co. v. City of Sacramento*
   10 Cal. 4th 368 (1995) ..................................................................................17

*Daniels-Hall v. Nat'l Educ. Ass'n*
   629 F.3d 992 (9th Cir. 2010)............................................................................8

# TABLE OF AUTHORITIES
### (continued)

Page

*District of Columbia v. Heller*
554 U.S. 570 (2008) ...............................................................................10, 11

*Duncan v. Becerra*
265 F. Supp. 3d 1106 (S.D. Cal. 2017) ...................................................7

*Duncan v. Becerra*
742 Fed. App'x 218 (9th Cir. 2018) .......................................................7

*Fesjian v. Jefferson*
399 A.2d 861 (D.C. Ct. App. 1979) ........................................................18

*Foti v. City of Menlo Park*
146 F.3d 629 (9th Cir.), *as amended on denial of reh'g* (1998) ................9

*Friedman v. City of Highland Park*
784 F.3d 406 (7th Cir. 2015) .................................................................4

*Fyock v. City of Sunnyvale*
779 F.3d 991 (9th Cir. 2015) .........................................................5, 11, 12

*Gallinger v. Becerra*
898 F.3d 1012 (9th Cir. 2018) ................................................................23

*Gomez v. Toledo*
446 U.S. 635 (1980) ...............................................................................10

*Gun S., Inc. v. Brady*
877 F.2d 858 (11th Cir. 1989) ................................................................18

*Heller v. District of Columbia*
670 F.3d 1244 (D.C. Cir. 2011) .........................................................4, 11

*Heller v. Doe*
509 U.S. 312 (1993) ...........................................................................22, 23

*Hightower v. City of Bos.*
693 F.3d 61 (1st Cir. 2012) ...................................................................11

*Karlin v. Foust*
188 F.3d 446 (7th Cir. 1999) .................................................................19

*Kolbe v. Hogan*
849 F.3d 114 (4th Cir. 2017) ..........................................................4, 11, 14

iii

1

## TABLE OF AUTHORITIES
### (continued)

2

**Page**

3

*Kolender v. Lawson*
461 U.S. 352 (1983) ................................................................................18

4

*Lingle v. Chevron U.S.A., Inc.*
544 U.S. 528 (2005) ............................................................................15, 16

5

6

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*
416 F.3d 940 (9th Cir. 2005) ...................................................................9

7

*Loretto v. Teleprompter Manhattan CATV Corp.*
458 U.S. 419 (1982) ................................................................................15

8

9

*Lucas v. S.C. Coastal Council*
505 U.S. 1003 (1992) ..............................................................................17

10

*Mahoney v. Sessions*
871 F.3d 873 (9th Cir. 2017) .................................................................14

11

12

*McDonald v. City of Chi.*
561 U.S. 742 (2010) ..........................................................................10, 11

13

14

*Members of City Council of L.A. v. Taxpayers for Vincent*
466 U.S. 789 (1984) ................................................................................21

15

*Mugler v. Kansas*
123 U.S. 623 (1887) ................................................................................18

16

17

*N.Y. State Rifle & Pistol Ass'n v. Cuomo (NYSRPA)*
804 F.3d 242 (2d Cir. 2015) ..............................................................4, 11

18

19

*Navarro v. Block*
250 F.3d 729 (9th Cir. 2001) ...................................................................8

20

*New York v. Ferber*
458 U.S. 747 (1982) ................................................................................21

21

22

*Penn Cent. Transp. Co. v. City of N.Y.*
438 U.S. 104 (1978) ................................................................................15

23

24

*People v. Bustamante*
57 Cal. App. 4th 693 (2d Dist. 1997) ...................................................19

25

*Robertson v. Dean Witter Reynolds, Inc.*
749 F.2d 530 (9th Cir. 1984) ...................................................................8

26

27

28

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Rupp v. Becerra*
 2018 WL 2138452 (C.D. Cal. May 9, 2018) ..........................................................18

*San Remo Hotel, L.P. v. City & Cnty. of S.F.*
 27 Cal. 4th 643 (2002) .............................................................................................15

*Serrano v. Priest*
 18 Cal. 3d 728 (Cal. 1976) *supplemented*, 20 Cal. 3d 25 (Cal. 1977) ....................22

*Skilling v. United States*
 561 U.S. 358 (2010) .................................................................................................18

*United States v. Chester*
 628 F.3d 673 (4th Cir. 2010)....................................................................................21

*United States v. Chovan*
 735 F.3d 1127 (9th Cir. 2013)..................................................................................11

*United States v. Salerno*
 481 U.S. 739 (1987) ..............................................................................................9, 21

*Van Buskirk v. Cable News Network, Inc.*
 284 F.3d 977 (9th Cir. 2002) .....................................................................................9

*Walgreen Co. v. City & Cnty. of S.F.*
 185 Cal. App. 4th 424 (2010)...................................................................................22

*Wash. State Grange v. Wash. State Republican Party*
 552 U.S. 442 (2008) ..............................................................................................9, 10

*Wiese v. Becerra*
 263 F. Supp. 3d 986 (E.D. Cal. 2017).......................................................................7

*Wiese v. Becerra*
 306 F. Supp. 3d 1190 (E.D. Cal. 2018).......................................................................7

*Wilson v. Lynch*
 835 F.3d 1083 (9th Cir. 2016)..................................................................................14

*Worman v. Healey*
 293 F. Supp. 3d 251 (D. Mass. 2018) ..........................................................4, 11, 14

*Zucco Partners, LLC v. Digimarc Corp.*
 552 F.3d 981 (9th Cir. 2009)......................................................................................9

# TABLE OF AUTHORITIES
### (continued)

**Page**

**STATUTES**

United States Code
  42 U.S.C. § 1983 ..................................................................................................10

California Penal Code
  § 32310 ........................................................................................................ *passim*
  § 32310(a) ...................................................................................................8, 20
  § 32310(b) ............................................................................................................8
  § 32310(c) .................................................................................................... *passim*
  § 32310(d) .................................................................................................... *passim*
  § 32310(d)(1)-(2) ...............................................................................................16
  § 32390 .............................................................................................................5, 7
  § 32406 ...............................................................................................................19
  § 32425(a) ...........................................................................................................16
  § 32445 .................................................................................................................7
  § 32445 ...............................................................................................................22
  § 32450 ............................................................................................................7, 22
  § 32450(b), (c) ...................................................................................................22

California Stats.
  Cal. Stats. 1999, ch. 129, §§ 3, 3.5 ....................................................................5
  Cal. Stats. 2013, ch. 728 § 1 ...............................................................................5
  Cal. Stats. 2016, ch. 58 § 1 .................................................................................5

Colo. Rev. Stat. §§ 18-12-301-302 .........................................................................5

Conn. Gen. Stat. §§ 53-202w ..................................................................................5

D.C. Code § 7-2506.01(b) .......................................................................................5

Haw. Rev. Stat. § 134-8(c) ......................................................................................5

Md. Code, Crim. Law § 4-305(b) .............................................................................5

Mass. Gen. Laws Ann. Chapter 140, §§ 121, 131(a) .............................................5

N.Y. Pen. Law §§ 265.00, 265.36 ...........................................................................5

N.J. Stat. Ann. §§ 2C:39-1(y), 39-3(j), 39-9(h) .....................................................5

Pub. L. No. 103-322, Sept. 13, 1994, 108 Stat. 1796, 1998-2000 ........................4

13 V.S.A. § 4021 .....................................................................................................5

# TABLE OF AUTHORITIES
### (continued)

**Page**

**CONSTITUTIONAL PROVISIONS**

California Constitution
    Cal. Const. art. I, § 7 ...............................................................................9, 22
    Cal. Const. art. I, § 19 .............................................................................9, 15

United States Constitution
    U.S. Const. amend. I ....................................................................................21
    U.S. Const. amend. II ............................................................................ *passim*
    U.S. Const. amend. V..............................................................................8, 15
    U.S. Const. amend. XIV ........................................................1, 8, 10, 15, 22

**COURT RULES**

Fed. R. Civ. P. 12(b)(6)...................................................................1, 3, 8, 9

Fed. R. Civ. P. 25(d) ...........................................................................................1

**OTHER AUTHORITIES**

California Ballot Pamphlet (Firearms. Ammunition Sales. Initiative Statute.
    California Proposition 63 (2016)) ...................................................5, 6, 20

Cal. Secretary of State, Statement of Vote, Statewide Summary by County for
    Ballot Measures (Nov. 8, 2016) ..............................................................6

H.R. Rep. No. 103-489 (1994)........................................................................4

OAL, Amended Notice of Withdrawal (Dec. 29, 2016)................................20

Sen. Bill No. 1446, 3d reading Mar. 28, 2016 (2015-2016 Reg. Sess.) (Cal. 2016) ........................5

Defendants' Notice of Motion and Motion to Dismiss Third Amended Complaint (2:17-cv-00903-WBS-KJN)

### NOTICE OF MOTION

**PLEASE TAKE NOTICE** that, on February 19, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable William B. Shubb in Courtroom 5 of the United States District Court for the Eastern District of California, located at 501 I Street, Sacramento, California 95814, Defendants Attorney General Xavier Becerra and Bureau of Firearms Director Martin Horan[1] (Defendants), will move this Court to dismiss Plaintiffs' Third Amended Complaint (the "TAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).

The motion to dismiss is brought on the grounds that the TAC (i) fails to satisfy the pleading requirements set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and (ii) fails to state a claim upon which relief can be granted under the Second Amendment to the United States Constitution, the Takings Clauses of the United States or California Constitutions, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Equal Protection Clauses of the United States or California Constitutions.

The motion is based on this Notice, the Memorandum of Points and Authorities herein, the concurrently filed Defendants' Request for Judicial Notice in Support of Motion to Dismiss Third Amended Complaint (the "RJN") and the exhibits annexed thereto, this Court's February 7, 2018 Order granting Defendants' motion to dismiss Plaintiffs' Second Amended Complaint (the "MTD Order") (Dkt. No. 74), this Court's June 29, 2017 Order denying Plaintiffs' motion for a preliminary injunction (the "PI Order") (Dkt. No. 52), the papers and pleadings on file in this action, and such other matters as may be presented to the Court at the time of the hearing.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Bureau of Firearms Director Martin Horan, in his official capacity, is substituted for Chief Stephen Lindley, who had been previously substituted for Acting Chief Martha Supernor.

Defendants' Notice of Motion and Motion to Dismiss Third Amended Complaint (2:17-cv-00903-WBS-KJN)

1    Dated:  January 18, 2019                              Respectfully submitted,

2                                                          XAVIER BECERRA
                                                           Attorney General of California
3                                                          MARK R. BECKINGTON
                                                           Supervising Deputy Attorney General
4

5
                                                           /s/ John D. Echeverria
6                                                          JOHN D. ECHEVERRIA
                                                           Deputy Attorney General
7                                                          *Attorneys for Defendants*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Notice of Motion and Motion to Dismiss Third Amended Complaint (2:17-cv-00903-WBS-KJN)

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

In the wake of escalating mass shootings and gun violence, the people of California enacted a ban on the possession of magazines capable of holding more than ten rounds of ammunition. These large-capacity magazines ("LCMs") are disproportionately used in crime, and feature prominently in some of the most serious crime, including mass shootings and the killings of law enforcement officers. When LCMs are used to commit crime, more shots are fired, more victims are wounded, and there are more wounds per victim. This in turn leads to more injuries and higher fatality rates than crimes involving firearms with smaller, conventional magazines. Because LCMs are so dangerous, California has restricted their manufacture, importation, and sale for decades. *See* Cal. Penal Code § 32310 ("Section 32310").[2]  In November 2016, in an effort to strengthen these existing restrictions and to close a loophole that has allowed for the continued proliferation of LCMs in the state, the people of California approved Proposition 63, enacting a ban on the *possession* of LCMs by private citizens, which is codified at Sections 32310(c) and (d).

Plaintiffs challenge this important, commonsense public-safety legislation and allege that the new ban on LCM possession violates the Second Amendment and the Takings, Due Process, and Equal Protection Clauses, and that it is unconstitutionally vague and overbroad. On February 7, 2018, this Court dismissed Plaintiffs' Second Amended Complaint, which attempted to allege each of these claims, and afforded Plaintiffs leave to file another amended complaint "if they can do so consistent with th[e] Order." *See* MTD Order at 23.[3]  None of the few allegations added to the TAC address the pleading deficiencies discussed at length in the Court's MTD Order dismissing the Second Amended Complaint or PI Order denying Plaintiffs' request for a

---

[2] All subsequent statutory references are to the California Penal Code, unless otherwise noted.

[3] Defendants incorporate by reference the arguments raised in their Notice of Motion and Motion to Dismiss Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) and their Reply in Support of Motion to Dismiss Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* Dkt. No. 61, 72.

3

1   preliminary injunction.  The TAC simply ignores this Court's prior rulings, and as with the

2   Second Amended Complaint, fails to state any plausible claim for relief.

3       If anything, Plaintiffs' allegations have become less plausible since the filing of the TAC, as

4   several courts have joined the growing consensus that LCM restrictions are constitutional.  *See*

5   *Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Attorney General N.J.* (*ANJRPC*), 910 F.3d 106, 122-24

6   (3d Cir. 2018); *Worman v. Healey*, 293 F. Supp. 3d 251, 265 (D. Mass. 2018), *appeal docketed*,

7   *Worman v. Baker*, No. 18-1545 (1st Cir. June 19, 2018).  To date, every federal appellate court to

8   have examined LCM restrictions on the merits—five circuit courts in total—has upheld them on

9   de novo review.[4]  Notably, the Third Circuit recently upheld under the Second Amendment and

10  the Takings Clause New Jersey's amended LCM restrictions, which eliminated a grandfathering

11  provision for LCMs and required owners of previously grandfathered LCMs to dispose of them in

12  a manner similar to California's LCM possession ban.  *See ANJRPC*, 910 F.3d at 119-20.

13  Consistent with this Court's prior orders, and the overwhelming weight of legal authority

14  upholding LCM restrictions on the merits, this Court should dismiss the TAC without leave to

15  amend and dismiss this action with prejudice.

16                          **BACKGROUND**

17  **I.     RELEVANT LAW AND PROCEDURAL HISTORY.**

18          **A.     Section 32310**

19       Because they are particularly lethal and are disproportionately used in mass shootings and

20  other crime, LCMs have been extensively regulated in the United States for decades.  In the wake

21  of numerous gun massacres during the 1980s and early 1990s, Congress passed the Violent Crime

22  Control and Law Enforcement Act (the "Federal Ban") in 1994.  H.R. Rep. No. 103-489, at 32-33

23  (1994).  The Federal Ban prohibited the possession of all "large-capacity ammunition feeding

24  devices," defined as those with the capacity to accept more than ten rounds.  *See* Pub. L.

25  _____

26  [4] *See ANJRPC*, 910 F.3d at 122-24; *Kolbe v. Hogan*, 849 F.3d 114, 140-41 (4th Cir. 2017)
    (en banc), *cert. denied*, 138 S. Ct. 469 (2017); *N.Y. State Rifle & Pistol Ass'n v. Cuomo*

27  (*NYSRPA*), 804 F.3d 242, 262-64 (2d Cir. 2015), *cert. denied sub nom. Shew v. Malloy*, 136 S.
    Ct. 2486 (2016); *Friedman v. City of Highland Park*, 784 F.3d 406, 411-12 (7th Cir. 2015), *cert.*

28  *denied*, 136 S. Ct. 447 (2015); *Heller v. District of Columbia* (*Heller II*), 670 F.3d 1244, 1264
    (D.C. Cir. 2011).

                                    4

No. 103-322, Sept. 13, 1994, 108 Stat. 1796, 1998-2000 (formerly codified at 18 U.S.C.

§ 922(w)).  In 2000, California adopted its own legislation prohibiting the manufacture, import,

keeping or offering for sale, giving, or lending of LCMs.  *See* Cal. Stats. 1999, ch. 129, §§ 3, 3.5

(codified as § 32310).  In 2013, California enhanced those restrictions by enacting a ban on the

purchase or receipt of LCMs.  *See* Cal. Stats. 2013, ch. 728 (A.B. 48) § 1 (amending § 32310(a)).

California also declared unlawfully possessed LCMs to be a "nuisance," subject to confiscation

and destruction under Section 18010(b).  *See* § 32390.  Thus, even though the Federal Ban

expired in 2004, LCMs have remained illegal to buy, sell, or import in California.[5]  Combined,

both the federal and state law have made LCMs unavailable to the vast majority of Californians

for over two decades.

Although California prohibited the manufacture, sale, and transfer of LCMs, it initially did

not prohibit their possession, instead grandfathering in possession of LCMs legally acquired

before 2000.  *See Fyock v. City of Sunnyvale*, 779 F.3d 991, 994 (9th Cir. 2015).  Rather than

serving as a limited exception, however, the grandfathering provision enabled the continued

proliferation of LCMs in the state.  *See* TAC, Ex. B at 8 (Sen. Bill No. 1446, 3d reading Mar. 28,

2016 (2015-2016 Reg. Sess.) (Cal. 2016)).  Specifically, because LCMs lack identifying marks to

indicate when they were manufactured or sold, "[i]t is nearly impossible to prove when a[n LCM]

was acquired or whether the magazine was illegally purchased [or transferred] after the 2000

ban."  *Id.*  Thus, prohibiting the possession of LCMs "would enable the enforcement of existing

law regarding [LCMs]."  *Id.*

On July 1, 2016, the Legislature enacted Senate Bill (SB) 1446 to prohibit the possession of

LCMs beginning on July 1, 2017.  *See* RJN, Ex. 1 (Cal. Stats. 2016, ch. 58 (SB 1446) § 1).

Several months later, on November 8, 2016, the people of California enacted Proposition 63, the

"Safety for All Act of 2016."  *See* RJN, Ex. 2 at 8-23 (Text of Proposed Laws at 163).

---

[5] In addition to California, eight other states and the District of Columbia have enacted LCM restrictions.  *See* 13 V.S.A. § 4021 (Vermont); N.J. Stat. Ann. §§ 2C:39-1(y), 39-3(j), 39-9(h) (New Jersey); Haw. Rev. Stat. § 134-8(c) (Hawaii); Mass Gen. Laws Ann. Ch. 140, §§ 121, 131(a) (Massachusetts); Md. Code, Crim. Law § 4-305(b) (Maryland); N.Y. Pen. Law §§ 265.00, 265.36 (New York); Conn. Gen. Stat. §§ 53-202w (Connecticut); Colo. Rev. Stat. §§ 18-12-301-302 (Colorado); D.C. Code § 7-2506.01(b) (District of Columbia).

1    Proposition 63 contained a number of provisions intended to close "loopholes that leave

2    communities throughout the state vulnerable to gun violence and mass shootings." *Id.* at 9

3    (Prop. 63 § 2, ¶ 5 (uncodified Findings and Declarations).)  The people of California found that

4    "[m]ilitary style large-capacity ammunition magazines . . . significantly increase a shooter's

5    ability to kill a lot of people in a short amount of time" and "are common in many of America's

6    most horrific mass shootings." *Id.* (Prop. 63 § 2, ¶ 11).  The people determined that the

7    "loophole" that has allowed the general public to continue possessing LCMs in the state "should

8    [be] close[d]," *id.* (Prop. 63 § 2, ¶ 12), and thus Proposition 63 was intended "[t]o make it illegal

9    in California to possess the kinds of military-style ammunition magazines that enable mass

10   killings," *id.* (Prop. 63 § 3, ¶ 8).  Proposition 63 was passed by 63.1 percent of the electorate.  *See*

11   RJN, Ex. 3 at 15 (Cal. Secretary of State, Supplement to the Statement of Vote, Statewide

12   Summary by County for Ballot Measures (Nov. 8, 2016) at 114).

13       Proposition 63 added Section 32310(c) and (d) to the Penal Code and amended other

14   provisions of the Penal Code relating to LCMs.  *See* RJN, Ex. 2 at 12-13.  Section 32310(c)

15   provides that the possession of an LCM on or after July 1, 2017 is an infraction or a misdemeanor

16   punishable by a fine not to exceed $100 per LCM and/or imprisonment in a county jail not to

17   exceed one year.  § 32310(c).  Section 32310(d) provides that anyone not authorized to possess

18   LCMs must, prior to July 1, 2017, (1) remove the LCM from the state, (2) sell the LCM to a

19   licensed firearms dealer, or (3) surrender the LCM to law enforcement for destruction.

20   § 32310(d).  Alternatively, an owner of an LCM can avoid criminal liability under

21   Section 32310(c) by permanently modifying the magazine "so that it cannot accommodate more

22   than 10 rounds."  § 16740(a).[6]

23       **B.    Procedural History.**

24       On April 28, 2017, Plaintiffs filed their original complaint, alleging that Section 32310, as

25   amended by Proposition 63, violates their rights under the Second Amendment, Takings Clause,

26   ───────────────
     [6] Proposition 63's amendments largely mirror those made under SB 1446.  Because
27   Proposition 63's amendments are the governing provisions, *see* MTD Order at 16:10-15 (citing
     *People v. Bustamante*, 57 Cal. App. 4th 693, 701 (2d Dist. 1997)), references to Section 32310
28   and related statutes in this brief are to the statutes as amended by Proposition 63.

1   and Due Process Clause, Dkt. No. 1, followed by the filing of a First Amended Complaint on

2   June 5, 2017 that added several plaintiffs and an overbreadth claim, Dkt. No. 7.  Shortly

3   thereafter, the Court denied Plaintiffs' motion for a temporary restraining order and, on June 29,

4   2017, denied Plaintiffs' motion for a preliminary injunction.  Dkt. Nos. 45, 52.  In denying

5   Plaintiffs' motion for a preliminary injunction, the Court determined, *inter alia*, that Plaintiffs had

6   failed to show a likelihood of success on the merits of their Second Amendment, takings,

7   vagueness, and overbreadth claims.  *See* PI Order at 10:24-11:4, 13:26-28; *Wiese v. Becerra*,

8   263 F. Supp. 3d 986 (E.D. Cal. 2017).[7]

9        On August 16, 2017, Plaintiffs filed a Second Amended Complaint, which added (i) an

10  equal protection claim under the United States and California Constitutions based on the

11  exemption from Section 32310 for LCMs used solely as props in movies and television, (ii) a

12  takings claim under the California Constitution, and (iii) allegations to support their vagueness

13  claim based on the differences between SB 1446 and Proposition 63.  Dkt. No. 59.  On February

14  7, 2018, the Court granted Defendants' motion to dismiss as to all claims.  MTD Order at 9-10,

15  13, 20, 23; *Wiese v. Becerra*, 306 F. Supp. 3d 1190 (E.D. Cal. 2018).  The Court detailed the

16  pleading and legal deficiencies of each claim, and afforded Plaintiffs leave to file another

17  amended complaint "if they can do so consistent with this Order."  MTD Order at 23:19-21.  On

18  February 26, 2018, Plaintiffs filed the TAC.

19  **II.   OVERVIEW OF THE THIRD AMENDED COMPLAINT.**

20       The TAC challenges California's LCM possession ban, codified at Sections 32310(c)

21  and (d), which were added to the Penal Code by Proposition 63.  TAC ¶¶ 1-2.[8]  The TAC does

---

[7] Shortly after this Court denied Plaintiffs' motion for a preliminary injunction, the
Honorable Roger T. Benitez of the District Court for the Southern District of California issued a
preliminary injunction to enjoin Sections 32310(c) and (d).  *See Duncan v. Becerra*, 265 F. Supp.
3d 1106, 1139-40 (S.D. Cal. 2017).  In an unpublished decision, the Ninth Circuit affirmed the
district court's grant of a preliminary injunction under an abuse-of-discretion standard, *see
Duncan v. Becerra*, 742 Fed. App'x 218 (9th Cir. 2018) (2-1 decision), and the preliminary
injunction remains in effect at this time.

[8] As with the Second Amended Complaint, the TAC also challenges Section 32390, which
designates LCMs as a "nuisance" subject to confiscation and destruction, as well as
Sections 32445 and 32450, which contain certain exceptions to California's LCM restrictions,

7

1   not challenge the prior LCM restrictions in Sections 32310(a) and (b) prohibiting, *inter alia*, the

2   manufacture, import, sale, or purchase of LCMs.  Plaintiffs allege that the LCM possession ban:

3   (1) violates the Second Amendment (Count I); (2) is an unconstitutional taking in violation of the

4   Fifth and Fourteenth Amendments to the United States Constitution and article I, section 19 of the

5   California Constitution (Count II); (3) is unconstitutionally vague (Counts III and IV); (4) is

6   unconstitutionally overbroad (Count IV), and (5) violates the Equal Protection Clause under the

7   United States and California Constitutions (Count V).  The TAC seeks declaratory and injunctive

8   relief.  *Id.* at 35-36 (Prayer for Relief).  Other than a handful of new allegations concerning

9   Plaintiffs' Second Amendment and takings claims, *see* TAC ¶¶ 41-42, 70, 82, the TAC is

10   identical to the Second Amended Complaint.

11   **ARGUMENT**

12   **I.   LEGAL STANDARD.**

13          Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for

14   failure to state a claim upon which relief can be granted.  A motion to dismiss under Rule

15   12(b)(6) "tests the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th

16   Cir. 2001).  Dismissal is proper where there is no cognizable legal theory or there are insufficient

17   facts alleged to support a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc*., 749

18   F.2d 530, 534 (9th Cir. 1984).  To defeat a Rule 12(b)(6) motion, the plaintiff must allege

19   "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*,

20   550 U.S. 544, 570 (2007); the plaintiff must allege facts that consist of "more than a sheer

21   possibility that a defendant has acted unlawfully," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A

22   plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements

23   of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Instead, the plaintiff must allege

24   facts sufficient to "raise a right to relief above the speculative level."  *Id.*

25          In ruling on a motion to dismiss, a court must assume that the plaintiff's allegations of fact

26   are true and must draw all reasonable inferences in his or her favor.  *See Daniels-Hall v. Nat'l*

27   ─────────────────

28   TAC ¶ 1; *id.* at 35-36 (Prayer for Relief).

1    *Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  However, "the tenet that a court must accept as

2    true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*,

3    556 U.S. at 678.  While the court generally looks only to the face of the complaint and exhibits

4    attached to, or incorporated by reference into, the complaint, *Van Buskirk v. Cable News Network,*

5    *Inc.*, 284 F.3d 977, 980 (9th Cir. 2002), the court may also consider documents that are proper

6    subjects of judicial notice, *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th

7    Cir. 2009).  A court may dismiss a complaint pursuant to Rule 12(b)(6) without leave to amend if

8    "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v.*

9    *Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

10   **II.      PLAINTIFFS HAVE AGAIN FAILED TO STATE ANY PLAUSIBLE CLAIM FOR RELIEF.**

11           Plaintiffs challenge California's LCM possession ban on the grounds that it violates the

12   Second Amendment, as well as the Takings, Due Process, and Equal Protection Clauses of United

13   States Constitution, and article I, sections 7 and 19 of the California Constitution.[9]  Plaintiffs have

14   not met the "heavy burden" to show that Sections 32310(c) and (d), and related statutes, are

15   facially unconstitutional.  *United States v. Salerno*, 481 U.S. 739, 745 (1987).  In order to

16   succeed on a facial challenge, Plaintiffs "must establish that no set of circumstances exists under

17   which the [regulation or statute] would be valid." *Salerno*, 481 U.S. at 745; *see also Chem.*

18   *Specialties Mfrs. Ass'n v. Allenby*, 958 F.2d 941, 943 (9th Cir. 1992).

19           To support a finding of facial unconstitutionality—voiding a statute or regulation as a

20   whole—Plaintiffs cannot prevail by suggesting that in some future hypothetical situation

21   constitutional problems may possibly arise as to the particular *application* of the statute.  Rather,

22   they must show that the statute is unconstitutional in *all* of its applications.  *See Wash. State*

23           [9] Although Plaintiffs purport to bring both a facial and an as-applied challenge to
24   Section 32310, *see* TAC ¶ 1, their claims are facial because the relief that they seek in
     permanently enjoining the statute would benefit other LCM owners.  *See Ctr. for Competitive*
25   *Politics v. Harris*, 784 F.3d 1307, 1314 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 480 (2015).  In
     any event, the TAC alleges no facts to support an as-applied challenge because there are no
26   allegations suggesting that the "law is unconstitutional as applied to [any Plaintiffs'] particular
27   . . . activity, even though the law may be capable of valid application to others." *Foti v. City of*
     *Menlo Park*, 146 F.3d 629, 635 (9th Cir.), *as amended on denial of reh'g* (1998).

28

1   *Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 (2008).  Where, as here, a statute has

2   a "plainly legitimate sweep," a facial challenge must fail.  *Id.* at 449 (citation and internal

3   quotations omitted).  As with their Second Amended Complaint, Plaintiffs have failed to allege

4   sufficient facts to state any of their claims for relief.  *See* MTD Order at 9:27-10:5 (Second

5   Amendment claim), 13:5-10 (takings claim), 18:23-26 (vagueness claims), 20:6-11 (overbreadth

6   claim), 23:12-16 (equal protection claim).[10]  Because the TAC again fails to state a claim, and is

7   not "consistent with this [Court's MTD] Order," MTD Order at 23:20-21, the TAC should be

8   dismissed without leave to amend.

9       **A.     Plaintiffs' Second Amendment Claim Fails as a Matter of Law.**

10      Count I of the TAC alleges that California's LCM possession ban violates the Second

11  Amendment.  TAC ¶¶ 58-71.  The Supreme Court held, in *District of Columbia v. Heller*, 554

12  U.S. 570, 622 (2008), that the Second Amendment confers an individual right to keep and bear

13  arms.  The Court stated that the Second Amendment has "the core lawful purpose of self-defense"

14  and "elevates above all other interests the right of law-abiding, responsible citizens to use arms in

15  defense of hearth and home."  *Id*. at 630, 635.  That right is incorporated against the states

16  through the Fourteenth Amendment.  *McDonald v. City of Chi.*, 561 U.S. 742, 790-91 (2010)

17  (plurality).  The Court has made clear, however, that the Second Amendment does not provide "a

18  right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever

19  purpose."  *Heller*, 554 U.S. at 626.  Rather, the right to keep and bear arms, like other

20  constitutional rights, is limited in scope and subject to regulation.  *Id*. at 626-28.  Thus, the

21  Supreme Court has emphasized that the Second Amendment "does not imperil every law

22  regulating firearms" and that "state and local experimentation with reasonable firearms regulation

23

24      [10] In addition to the enumerated claims, the TAC includes various allegations that
    Defendants have acted in violation of 42 U.S.C. § 1983 by violating the Second Amendment and
25  the Takings, Due Process and Equal Protection Clauses.  *See, e.g.*, TAC ¶ 68.  Insofar as plaintiffs
    are asserting a section 1983 claim, any such claim should be dismissed because plaintiffs have
26  failed to adequately allege any underlying constitutional violation.  *See Barber v. State of Haw.*,
    42 F.3d 1185, 1198 (9th Cir. 1994) ("A plaintiff's 42 U.S.C. § 1983 claims must fail if plaintiff
27  fails to show a violation of its constitutional or statutory rights." (citing *Gomez v. Toledo*, 446
    U.S. 635, 640 (1980))).
28

1    will continue under the Second Amendment." *McDonald*, 561 U.S. at 785; *see also Heller*, 554

2    U.S. at 626-29.

3        In evaluating whether the Second Amendment permits such state regulation, the Ninth

4    Circuit employs a two-step inquiry. *Fyock*, 779 F.3d at 996 (citing *United States v. Chovan*, 735

5    F.3d 1127, 1136 (9th Cir. 2013)). First, the court "asks whether the challenged law burdens

6    conduct protected by the Second Amendment." *Id.* If not, the challenged law does not implicate

7    the Second Amendment and is valid. *Chovan*, 735 F.3d at 1138. If the Second Amendment is

8    implicated, the court then selects the appropriate level of scrutiny. *Fyock*, 779 F.3d at 996.

9        Even assuming that LCMs—which are unusually dangerous, designed to "kill or disable the

10   enemy," "clearly most useful in military service," and not commonly used for self-defense,

11   *Kolbe*, 849 F.3d at 137; *see also Worman*, 293 F. Supp. 3d at 265; *Hightower v. City of Bos.*, 693

12   F.3d 61, 66, 71 (1st Cir. 2012)—fall within the purview of the Second Amendment at the first

13   step of the Second Amendment inquiry, this Court has already determined that the LCM

14   possession ban is subject to intermediate scrutiny because it does not severely burden the core

15   Second Amendment right. *See* MTD Order at 5-7; PI Order at 6-7. Indeed, "virtually every other

16   court to examine [LCM] bans has found that intermediate scrutiny is appropriate, assuming these

17   magazines are protected by the Second Amendment." MTD Order at 6:19-7:1; *see also Fyock*,

18   779 F.3d at 999 (holding that "[i]ntermediate scrutiny is appropriate" for evaluating restrictions

19   on LCM possession); *Kolbe*, 849 F.3d at 138 (applying intermediate scrutiny); *NYSRPA*, 804 F.3d

20   at 260-61 (same); *Heller II*, 670 F.3d at 1264 (same); *ANJRPC*, 910 F.3d at 117-18 (same).

21   Intermediate scrutiny applies to California's ban on LCM possession because it "does not

22   effectively disarm individuals or substantially affect their ability to defend themselves," MTD

23   Order at 6:5-9 (quoting *Heller II*, 670 F.3d at 1262), and merely "restricts possession of only a

24   subset of magazines that are over a certain capacity," *id.* at 6:15-17 (quoting *Fyock*, 779 F.3d

25   at 999). Thus, Plaintiffs' allegation that strict scrutiny should apply to Section 32310, *see* TAC

26   ¶ 69, is incorrect, as is the TAC's new allegation that the possession ban is unconstitutional under

27   any level of heightened scrutiny "to the extent that this court does not find that the ban is an

28   impermissible categorical ban on a protected class of firearms under *Heller*," *id.* ¶ 70.

11

1    Intermediate scrutiny requires "(1) the government's stated objective to be significant,

2    substantial, or important; and (2) a reasonable fit between the challenged regulation and the

3    asserted objective."  MTD Order at 7:6-10 (quoting *Fyock*, 779 F.3d at 1000).  Under this

4    standard, the government "need only show that the regulation 'promotes a substantial government

5    interest that would be achieved less effectively absent the regulation.'"  *Id.* at 7:12-15 (quoting

6    *Fyock*, 779 F.3d at 1000).  Under intermediate scrutiny, the government may "rely on any

7    evidence 'reasonably believed to be relevant' to substantiate its important interests," and the

8    Court "may consider 'the legislative history of the enactment as well as studies in the record or

9    cited in pertinent case law.'"  *Fyock*, 779 F.3d at 1000.

10    One of the objectives of California's LCM possession ban is to "reduce the incidence and

11    harm of mass shootings," and "[t]here can be no serious argument that this is not a substantial

12    government interest."  MTD Order at 8:4-12.  Moreover, as this Court has determined,

13    California's LCM possession ban exhibits a reasonable fit with these important interests,

14    consistent with every court to have considered LCM restrictions under the Second Amendment on

15    the merits.  *Id.* at 8:14-9:12 (citing cases finding reasonable fit); PI Order at 8-11; *see also Fyock*,

16    779 F.3d at 1000.[11]  California's LCM possession ban satisfies intermediate scrutiny because

17    "there is a reasonable fit between the ban and California's important objectives."  *Id.* at 8:13-14;

18    PI Order at 10:24-11:1 ("California's stated interests of reducing the incidence and harm of mass

19    shootings and easing enforcement of the state's existing ban 'would be achieved less effectively

20    absent the regulation,' and thus there is a reasonable fit between [Section 32310] and California's

21    important objectives." (citing *Fyock*, 779 F.3d at 1000)).  As recently observed by the Third

22    Circuit, "[n]ot only will [New Jersey's amended] LCM ban reduce the number of shots fired and

23    the resulting harm, it will present opportunities for victims to flee and bystanders to intervene."

24    *ANJRPC*, 910 F.3d at 119.  LCM restrictions plainly advance important public safety goals.

25    The TAC repeats many of the unsubstantiated legal conclusions, *see* TAC ¶¶ 44, 48, 55, 66,

26    that do not satisfy plaintiffs' pleading burden and are insufficient to state a cause of action.  *See*

27    ───────────────

28    [11] Banning possession of grandfathered LCMs also eliminates obstacles to enforcement of
the existing ban on the purchase, sale, transfer, or importation of LCMs.  *See* PI Order at 9-10.

1   *Iqbal*, 556 U.S. at 680-81.  The remainder of plaintiffs' Second Amendment allegations are

2   directed solely at the first part of the Court's two-step inquiry, that is, whether LCMs burden

3   conduct protected by the Second Amendment.  *See, e.g.*, TAC ¶ 32 (alleging that LCMs "are an

4   intrinsic part of all semi-automatic firearms, which were designed, developed, produced and sold

5   in large quantities starting in the early 20th Century and continuing through today"); *id.* ¶¶ 33-34,

6   47-48, 58 (alleging that many millions of magazines have existed lawfully within the United

7   States and are used by Americans for self-defense, competition, training, and sport; *see also id.*,

8   ¶¶ 47, 54, 59, 64 (alleging that LCMs are useful for self-defense).  None of these allegations

9   address the constitutionality of the LCM possession ban under intermediate scrutiny at the second

10  step of the Court's analysis.

11      The Second Amended Complaint failed to sufficiently allege that the LCM possession ban

12  fails under intermediate scrutiny, *see* MTD Order at 9-10, and the TAC fairs no better.  First, the

13  TAC alleges that, under "*actual* intermediate scrutiny," "the government cannot show—as it

14  must—a reasonable fit between the law and the substantial objective that the law ostensibly

15  advances, i.e., the incidence of mass shootings."  TAC ¶ 70.  In addition to such legal conclusions

16  that are not entitled to any presumption of truth, Plaintiffs allege that the ban on previously

17  grandfathered LCMs "will not, in fact, reduce the incidence or lethality of mass shootings"

18  because such "'pre-ban' [LCMs] have simply not been used in mass shootings within this state."

19  *Id.*  But that is not the government's burden under intermediate scrutiny.  As previously

20  determined by this Court, even if "there is no evidence that any [public mass shootings in

21  California] involved grandfathered [LCMs]," "it is not necessary for defendants to show, or for

22  the court to find, that the proposed ban will eliminate all gun violence in California, or that it

23  would have prevented any of the past incidents of gun violence."  PI Order at 10:8-17.  Notably,

24  the Third Circuit recently upheld New Jersey's elimination of grandfathering for LCMs capable

25  of holding between 11 and 15 rounds of ammunition, *see ANJRPC*, 910 F.3d at 122-23, without

26  requiring evidence that any such magazines had been used in mass shootings.

27      Second, Plaintiffs added allegations concerning Proposition 63's express findings and

28  purpose, including the finding that "[m]ilitary-style [LCMs]—some capable of holding more than

13

1   100 rounds of ammunition—significantly increase a shooter's ability to kill a lot of people in a

2   short amount of time."  TAC ¶ 41 (quoting Prop. 63 § 2, ¶ 11).  The TAC alleges that, "contrary

3   to the express findings of 'the People' through its enactment of Proposition 63," "[LCMs] are not

4   'military-style[d],' but in fact, are widely and predominantly held in civilian hands, and that the

5   vast majority of [LCMs] hold far less than 100 rounds of ammunition, contrary to the misleading

6   suggestion that the drafters of Proposition 63 have used to advance this overreaching law

7   infringing upon the rights of citizens."  TAC ¶ 70.  None of these new allegations undermine the

8   constitutionality of Section 32310.  Several courts have characterized LCMs as "military-style"

9   magazines.  *See Kolbe*, 849 F.3d at 125 (noting that LCMs are "particularly designed and most

10  suitable for military and law enforcement applications" (quotations omitted)); *Worman*, 293

11  F. Supp. 3d at 265 ("LCMs are also 'indicative of military firearms' . . . ." (citation omitted)).

12  And some LCMs are, in fact, capable of holding 100 rounds or more.  *See Kolbe*, 849 F.3d at 128

13  (noting that the mass shooting in Aurora, Colorado involved a "100-round drum magazine").  As

14  this Court has previously determined, even if "many people inside and outside of California have

15  for many years lawfully possessed [LCMs] for purposes such as self-defense, target shooting, and

16  hunting," MTD Order at 5:1-3, such allegations are not sufficient to allege that the LCM ban fails

17  intermediate scrutiny, *see id.* at 9:27-10:1.

18       Because Section 32310 survives intermediate scrutiny and is constitutional, Plaintiffs'

19  Second Amendment claim fails as a matter of law.  Where it is clear from the face of the

20  complaint that a statute satisfies intermediate scrutiny, dismissal is warranted.  *See Mahoney v.*

21  *Sessions*, 871 F.3d 873, 883 (9th Cir. 2017) (affirming dismissal of Second Amendment claim

22  where policy "survives intermediate scrutiny and is, therefore, constitutional under the Second

23  Amendment"), *cert. denied*, 138 S. Ct. 1441 (2018); *Wilson v. Lynch*, 835 F.3d 1083, 1095 (9th

24  Cir. 2016) (holding that the challenged law and administrative action "survive intermediate

25  scrutiny, and the district court did not err in dismissing [plaintiff's] Second Amendment claims").

26  Accordingly, the Court should dismiss Count I of the TAC.

27

28

**B.  Plaintiffs' Takings Claim Fails as a Matter of Law.**

Count II alleges that California's LCM possession ban constitutes an unconstitutional taking of private property under the United States and California Constitutions.  The Takings Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that private property shall not "be taken for public use, without just compensation." *Lingle v. Chevron U.S.A., Inc*., 544 U.S. 528, 536 (2005).  Its purpose is to prohibit "[g]overnment from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Penn Cent. Transp. Co. v. City of N.Y.*, 438 U.S. 104, 123 (1978) (internal quotations and citations omitted).  Similarly, the California Constitution provides:  "Private property may be taken or damaged for a public use and only when just compensation . . . has first been paid to, or into court for, the owner."  Cal. Const. art. I, § 19(a).  Courts have generally construed the federal and state takings clauses "congruently." *San Remo Hotel, L.P. v. City & Cnty. of S.F.*, 27 Cal. 4th 643, 664 (2002) (collecting cases).

Takings claims are generally divided into two classes:  physical and regulatory takings.  A per se physical taking occurs when the government physically invades or takes title to property either directly or by authorizing others to do so. *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 426 (1982).  In contrast to a physical taking, a regulatory taking occurs where "government regulation of private property [is] so onerous that its effect is tantamount to a direct appropriation or ouster." *Lingle*, 544 U.S. at 537.  In the context of real property, government regulation that "completely deprives an owner of all economically beneficial use of her property" is generally deemed to be a taking compensable under the Fifth Amendment. *Id*. at 528.  The TAC does not allege any taking of property—physical or regulatory—requiring just compensation.[12]

---

[12] Nor does it state a partial regulatory taking under *Penn Central Transportation Co. v. New York City*, 438 U.S. 104, 124 (1978), as the TAC is devoid of "any plausible facts that the ban interferes with plaintiffs' distinct investment-backed expectations."  MTD Order at 13 n.9

15

1          **1.      Section 32310 Does Not Effect a Physical Taking.**

2          Even though Section 32310(d) affords LCM owners several options for compliance with

3   the possession ban, the TAC alleges that the only way to dispose of an LCM is to "surrender" it to

4   law enforcement for destruction because the other options for disposal are "illusory."  TAC ¶¶ 63,

5   101.  It further alleges that to the extent Section 32310 allows an LCM owner to modify an LCM

6   to bring it into compliance with the law, *see* Section 16740(a), such modification "destroys the

7   functionality" of an LCM and amounts to both a physical invasion of, and damage to, property

8   requiring compensation.  *Id.* ¶ 79.  The Court has already determined that these allegations are

9   inadequate.  *See* MTD Order at 11:14-12:6.

10          In a physical taking, the government exercises its eminent domain power to take private

11   property for "public use."  S*ee Lingle*, 544 U.S. at 536; *Chevron USA, Inc. v. Cayetano*, 224 F.3d

12   1030, 1034 (9th Cir. 2000).  Here, by contrast, owners of previously grandfathered LCMs are

13   permitted to "sell the magazines to licensed gun dealers, remove them from the state, or

14   permanently modify the magazines so that they no longer accept more than 10 rounds."  MTD

15   Order at 11:17-20; *see* § 32310(d)(1)-(2); § 16740; § 32425(a) (exempting from Section 32310

16   the giving of an LCM to "a gunsmith, for the purposes of maintenance, repair, or *modification* of

17   that [LCM]" (emphasis added)).  The latter two options allow the individual to retain ownership

18   of the magazine, and, contrary to Plaintiffs' conclusory allegations, the permanent modification of

19   a magazine to accept no more than 10 rounds does not "destroy[] the functionality" of the

20   magazine.  As with the Second Amended Complaint, the TAC does "not allege that owners of

21   these magazines will not be able to use the modified magazines, which would then simply have a

22   lower capacity than before the modification."  *Id.* at 11:28-12:2.

23          In upholding New Jersey's prohibition of previously grandfathered LCMs, the Third Circuit

24   held that "[t]here is no actual taking" in light of the several options available to LCM owners to

25   dispose of their magazines, including the option of modifying an LCM to hold no more rounds

26   than the legal limit.  *ANJRPC*, 910 F.3d at 124.  The court observed that "[s]imply modifying the

27   magazine to hold fewer rounds of ammunition than before does not 'destroy[] the functionality' of

28   the magazine," *id.* at 124-25 (quoting MTD Order at 11:27), as "[t]hese magazines may be used

16

1    in the same way expected:  to hold multiple rounds of ammunition in a single magazine, *id.*

2    at 125.  And such a permanent modification would not constitute "damage" under the California

3    Takings Clause.  MTD Order at 12 n.7.  The California Supreme Court has explained that the

4    addition of the words "or damaged" to article I, section 19 "was not intended to expand the scope

5    of the constitutional compensation provision beyond the ambit of eminent domain and public

6    improvements." *Customer Co. v. City of Sacramento*, 10 Cal. 4th 368, 379 (1995).  Rather, "the

7    words 'or damaged' were added to clarify that the government was obligated to pay just

8    compensation for property damaged in connection with the construction of public improvements,

9    even if the government had not physically invaded the damaged property." *Id.*  The allegations in

10   the TAC fail to state a plausible physical takings claim.

**2.    Section 32310 Does Not Effect a Regulatory Taking.**

12        The TAC also fails to allege a plausible claim that California's LCM possession ban is a

13   regulatory taking for a similar reason.  Plaintiffs' conclusory allegations that that Section

14   32310(c) and (d) "would completely deprive the owners of all economically beneficial uses of

15   their lawfully-owned property, and therefore, constitutes a regulatory taking," TAC ¶ 79, is not

16   plausible.  As a threshold matter, the rule that the deprivation of all economically beneficial use

17   of property constitutes a taking has not been applied outside of the land use context and it is not

18   clear that it is applicable here.  *See Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1027 (1992);

19   *see also* MTD Order at 12 n.9.  Even if the rule could be applied in the context of personal

20   property, "[b]ecause owners may sell their magazines to licensed dealers or remove them from

21   the state, or even retain the magazines if they are permanently modified to accept fewer than

22   11 rounds, plaintiffs have not plausibly alleged that the [LCM] ban completely deprives them of

23   all economically beneficial use of their property." *Id.* at 12:14-13:5.

24        The TAC's takings allegations are identical to the defective Second Amended Complaint's,

25   with one exception:  Plaintiffs have added an allegation that, in enacting Section 32310(c) and

26   (d), California did not establish a claims process through which owners of LCMs could seek

27   compensation.  *See* TAC ¶ 82.  Plaintiffs allege that this does not comport with due process.  *Id.*

28   Aside from being a legal conclusion, Plaintiffs' new allegation assumes that LCM owners are

17

1 entitled to compensation for complying with Sections 32310(d) or 16740(a), which they are not

2 because the LCM possession ban does not effect any compensable taking.  Accordingly, the LCM

3 ban is neither a physical nor a regulatory taking, and Plaintiffs cannot state a plausible takings

4 claim.[13]  The Court should thus dismiss Count II of the TAC.

5     **C.**    **Plaintiffs' Vagueness Claims Fail as a Matter of Law.**

6     Counts III and IV allege that California's LCM possession ban is unconstitutionally

7 vague.[14]  Plaintiffs' vagueness allegations in the TAC are identical to those made in the Second

8 Amended Complaint, which the Court has found to be inadequate.  MTD Order at 1318.  A

9 statute is void-for-vagueness only when it fails to provide fair notice to the public of the

10 proscribed conduct and encourages arbitrary and discriminatory enforcement.  *See Skilling v.*

11 *United States*, 561 U.S. 358, 412 (2010) ("[V]oid-for-vagueness doctrine addresses concerns

12 about (1) fair notice and (2) arbitrary and discriminatory prosecutions."); *Kolender v. Lawson*,

13 461 U.S. 352, 357 (1983) ("[T]he void-for-vagueness doctrine requires that a penal statute define

14 the criminal offense with sufficient definiteness that ordinary people can understand what conduct

15 is prohibited and in a manner that does not encourage arbitrary and discriminatory

16

17     [13] California's LCM possession ban is also not a taking for the additional reason that it was
a proper exercise of the state's police power.  *See Chi., B. & Q. Ry. Co. v. Illinois*, 200 U.S. 561,

18 593-94 (1906) ("It has always been held that the legislature may make police regulations,
although they may interfere with the full enjoyment of private property and though no

19 compensation is given."); *Akins v. United States*, 82 Fed. Cl. 619, 622 (2008) ("Property seized
and retained pursuant to the police power is not taken for a 'public use' in the context of the

20 Takings Clause."); *Mugler v. Kansas*, 123 U.S. 623, 668-69 (1887); *see, e.g.*, *Rupp v. Becerra*,
No. 8:17-cv-00746, 2018 WL 2138452, at *8 (C.D. Cal. May 9, 2018) (Staton, J.) ("[L]egislation

21 pursuant to the police power is generally not a taking, but there are exceptions under certain
limited circumstances, such as where *land* will no longer have any economically valuable use").

22 Recognizing this distinction, a number of courts have rejected Takings Clause challenges to laws
banning the possession of dangerous weapons.  *See Akins*, 82 Fed. Cl. at 623-24 (restrictions on

23 sale and possession of machine guns not a taking); *Fesjian v. Jefferson*, 399 A.2d 861 (D.C. Ct.
App. 1979) (ban on machine guns not a taking); *cf. Gun S., Inc. v. Brady*, 877 F.2d 858, 869 (11th

24 Cir. 1989) (suspension on importation of assault weapons not a taking); *Burns v. Mukasey*,
No. CIV S-09-0497-MCE-CMK, 2009 WL 3756489, at *5 (E.D. Cal. Nov. 6, 2009) (stating that

25 because the firearm seized was "not taken in order to be put to public use," "the Takings Clause
simply does not apply"), *report and recommendation adopted*, No. 2:09-cv-00497-MCE-CMK,

26 2010 WL 580187 (E.D. Cal. Feb. 12, 2010).

27     [14] Counts III (Vagueness) and IV (Vagueness and Overbreadth) both challenge the LCM
ban on vagueness grounds, albeit with slightly different allegations.  The vagueness allegations in

28 both counts will be discussed together.

1   enforcement.").  Plaintiffs have failed to sufficiently allege that California's LCM possession ban

2   is unconstitutionally vague.

3          Plaintiffs' vagueness challenge rests principally on the chaptering of two parallel versions

4   of Section 32406, which sets forth certain exemptions to the LCM ban.  TAC ¶¶ 86-88.

5   Section 32406 (as amended by SB 1446) contains several exemptions that are omitted from

6   Section 32406 (as amended by Proposition 63), including, *inter alia*, the exemptions for trustees

7   and persons in possession of a pre-2000 LCM "if no magazine that holds 10 or fewer rounds of

8   ammunition is compatible with that firearm and the person possesses the [LCM] solely for use

9   with that firearm."  TAC ¶¶ 88-91 (citing § 32406(e), (f)).  Plaintiffs allege that there is some

10  confusion as to whether SB 1446 pre-amended Proposition 63 with respect to those exceptions.

11  *Id.* ¶ 88.  However, as this Court has determined, Section 32406—let alone the LCM possession

12  ban as a whole—would not be rendered void-for-vagueness merely because a court may be

13  required to determine which version of the statute applies in a given case.  *See* MTD Order at

14  15:5-10, PI Order at 19:9-14; *see also Karlin v. Foust*, 188 F.3d 446, 469 (7th Cir. 1999)

15  ("[W]hile plaintiffs are correct that the two statutes operate to impose conflicting standards on a

16  physician's decision to perform an emergency abortion on a minor, this conflict does not render

17  AB 441 void for vagueness . . . .  Instead, the conflicting provisions in the two statutes concerning

18  emergency abortions for minors creates a question of implied repeal under Wisconsin law.").

19         Moreover, there is no ambiguity that, under California, the amendments of Proposition 63

20  take precedence over those contained in SB 1446 because Proposition 63 was enacted after

21  SB 1446.  *See* MTD Order at 10-15; PI Order at 19:17-22; *Bustamante*, 57 Cal. App. 4th at 701

22  ("Where two laws on the same subject, passed at different times, are inconsistent with each other,

23  the later act prevails." (citations omitted)).  Although the Court has found that Plaintiffs failed to

24  sufficiently allege why the normal presumption that a later-enacted version of a statute controls

25  should not apply to the LCM possession ban, *see* MTD Order at 15:25-2, the TAC does not add

26  any such allegations.  Moreover, prior to the passage of Proposition 63, the Official Voter

27  Information Guide explained to California voters that, beginning in July 2017, "recently enacted

28  law" (*i.e.*, SB 1446) will exempt various individuals from the LCM possession ban and that

19

1   "Proposition 63 eliminates several of these exemptions, as well as increases the maximum penalty

2   for possessing [LCMs]."  RJN, Ex. 2 at 5 (Prop. 63, Analysis by the Legis. Analyst).  As this

3   Court has found, it is "obvious" that this legislative analysis was referring to SB 1446 and

4   informed California voters, before they enacted Proposition 63, that Proposition 63 would replace

5   the version of the LCM possession ban enacted by SB 1446.  MTD Order at 16:16-17:7.

6        Plaintiffs again allege that SB 1446 pre-amended Proposition 63, referring to a Finding of

7   Emergency that was later withdrawn by the California Department of Justice.[15]  *See* TAC ¶ 87 &

8   Ex. A.  Plaintiffs' allegations are not plausible, given that SB 1446 does not mention pre-

9   amendment anywhere in its text or legislative history and a related bill included express language

10  that it was pre-amending Proposition 63 with respect to the sale of ammunition.  *See* MTD Order

11  at 17 n.15 (citing 2016 Cal. Stats. Ch. 55 (SB 1235)).  When the California Legislature intended

12  to pre-amend Proposition 63, it stated so explicitly in the statute.

13       Plaintiffs' additional vagueness allegations are also defective.  MTD Order at 17:8-18:22.

14  Plaintiffs' again allege that (i) it is an "absurdity" to exempt retired peace officers from Section

15  32310(c)'s possession ban while still being barred from giving, receiving, or bringing LCMs into

16  the state under Section 32310(a) and (ii) certain disposal options provided in Section 32310(d) are

17  "illusory."  TAC ¶¶ 99-104.  There can be no question, however, that Section 32310 reasonably

18  apprises the public as to what conduct is prohibited under the statute.  Section 32310 prohibits the

19  possession of LCMs.  And Section 16740 defines an LCM as "any ammunition feeding device

20  with the capacity to accept more than 10 rounds," unless the magazine "has been permanently

21  altered so that it cannot accommodate more than 10 rounds," is a ".22 caliber tube ammunition

22  feeding device," or is a "tubular magazine that is contained in a lever-action firearm."  § 16740.

23  There is nothing unconstitutionally vague about the regulatory scope of the LCM ban.  *See Cal.*

24  *Teachers Ass'n v. State Bd. of Educ.*, 271 F.3d 1141, 1151 (9th Cir. 2001) ("[U]ncertainty at a

25  statute's margins will not warrant facial invalidation if it is clear what the statute proscribes 'in

26  the vast majority of its intended applications.'" (quoting *Hill v. Colorado*, 530 U.S. 703, 733

27       [15] OAL, Amended Notice of Withdrawal (Dec. 29, 2016), *available at*

28  https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/regs/lcmp-withdrawal.pdf.

1   (2000))).  For these reasons, Plaintiffs have failed to state a vagueness challenge to the LCM

2   possession ban, and the Court should dismiss Counts III and IV of the TAC.

3       **D.    Plaintiffs' Overbreadth Claim Fails as a Matter of Law.**

4           Count IV alleges that California's LCM possession ban is unconstitutionally overbroad, and

5   those allegations are identical to those made in the Second Amended Complaint.   As this Court

6   has held, the overbreadth doctrine does not apply outside of the First Amendment context and,

7   thus, is inapplicable in this case.  *See* MTD Order at 19:6-19; PI Order at 22:1-10; *Salerno*, 481

8   U.S. at 745 ("[W]e have not recognized an 'overbreadth' doctrine outside the limited context of

9   the First Amendment." (citation omitted)); *United States v. Chester*, 628 F.3d 673, 688 (4th Cir.

10  2010) ("[I]mporting the over-breadth doctrine . . . into the Second Amendment context would be

11  inappropriate.").[16]  Because they have not alleged a First Amendment challenge to the law,

12  overbreadth doctrine does not apply, and plaintiffs cannot state a claim that the LCM ban is

13  unconstitutionally overbroad.

14          Even if the doctrine were applicable in this case, Plaintiffs do not allege an overbreadth

15  claim.  A statute is unconstitutionally overbroad only when it infringes upon or would have the

16  tendency to chill constitutionally protected activity.  *Members of City Council of L.A. v.*

17  *Taxpayers for Vincent*, 466 U.S. 789, 800-01 (1984) ("There must be a realistic danger that the

18  statute itself will significantly compromise recognized First Amendment protections . . . for it to

19  be facially challenged on overbreadth grounds.").  Plaintiffs contend that Section 32310 is

20  overbroad because "its provisions capture a substantial amount of constitutionally-protected

21  activity, the prohibition of which does not advance the stated justification for the ban, and the law

22  is not readily susceptible to a limiting construction that would render it constitutional."  TAC, ¶ 4;

23  *see also id.* ¶ 106 (alleging that "the ban sweeps up a substantial amount of constitutionally-

24  protected conduct under the Second Amendment").  Aside from claiming that the LCM

25  possession ban prohibits conduct protected by the Second Amendment (and it does not as a matter

26

27          [16] Even in the First Amendment context, overbreadth doctrine has been recognized as
    "strong medicine" and is employed by the courts "with hesitation."  *New York v. Ferber*, 458 U.S.
28  747, 769 (1982).

1  of law), the TAC does "not allege what [other] constitutionally protected conduct the law

2  substantially prohibits." MTD Order at 20:4-6. Accordingly, Plaintiffs have again failed to state

3  a valid overbreadth claim, and the Court should dismiss Count IV of the TAC.

4         **E.    Plaintiffs' Equal Protection Claim Fails as a Matter of Law.**

5       Count V alleges that California's LCM possession ban violates the Equal Protection

6  Clauses of the United States and California Constitutions because it exempts, under

7  Sections 32445 and 32450(a), the loan, purchase, or possession of an LCM that is used solely as a

8  prop for a motion picture, television, or video production.[17] *See* TAC ¶ 113. Plaintiffs' equal

9  protection allegations in the TAC are identical to those raised in the Second Amended Complaint,

10  which the Court dismissed.

11       The Equal Protection Clause of the Fourteenth Amendment "commands that no State shall

12  'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a

13  direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne*

14  *Living Ctr.*, 473 U.S. 432, 439 (1985).[18] As this Court has already held, rational basis applies to

15  Plaintiffs' equal protection claim, not heightened scrutiny as alleged in the TAC, because the

16  LCM possession ban does not implicate any suspect class of persons or infringe on any

17  fundamental rights. *See* MTD Order at 22:9-23:4 (citing *Nordyke v. King*, 681 F.3d 1041, 1043

18  n.2 (9th Cir. 2012)). Challenged legislation survives rational basis review as long as, in enacting

19  the legislation, the legislature is acting in pursuit of a permissible government interest that bears a

20  rational relationship to the means chosen to achieve that interest. *Heller v. Doe*, 509 U.S. 312,

21  319 (1993). "[T]he burden is on the one attacking the legislative arrangement to negative every

22

23

24      [17] Plaintiffs do not challenge the exemptions in Section 32450 that apply to the export of LCMs pursuant to federal regulations or the resale of LCMs to law enforcement agencies,

25  government agencies, or the military pursuant to federal regulations. § 32450(b), (c).

26      [18] The Equal Protection Clause of the California Constitution, Cal. Const. art I, § 7, has been found to be "'substantially the equivalent' of the equal protection clause of the Fourteenth

27  Amendment to the federal Constitution." *Serrano v. Priest*, 18 Cal. 3d 728, 763, (Cal. 1976), s*upplemented*, 20 Cal. 3d 25 (Cal. 1977); *Walgreen Co. v. City & Cnty. of S.F.*, 185 Cal. App.

28  4th 424, 434 n.7 (2010).

22

1   conceivable basis which might support it." *Heller*, 509 U.S. at 319 (internal quotation marks

2   omitted).

3       As with their Second Amended Complaint, Plaintiffs' cannot show that "there is no rational

4   basis for California's exemption for television, video, and movie props" because the Legislature

5   and the electorate "could have rationally believed that [LCMs] used solely as props were not at

6   risk of being used in mass shootings and that such an exception would benefit an important sector

7   of the California economy.  MTD Order at 23:5-7.  Moreover, Plaintiffs' allegations that these

8   exemptions discriminate "against the great majority of California citizens who have a true need

9   [for LCMs]" "in favor of the selected few politically favored citizens," TAC ¶ 118, are

10  insufficient to state an equal protection claim under rational basis scrutiny.  *See Gallinger v.*

11  *Becerra*, 898 F.3d 1012, 1021 (9th Cir. 2018) ("Accommodating one interest group is not

12  equivalent to intentionally harming another.").  For these reasons, the Court should dismiss Count

13  V of the TAC.

## CONCLUSION

15      For the foregoing reasons, Defendants respectfully request that the Court dismiss the TAC

16  in its entirety without leave to amend and dismiss this action with prejudice.

17  Dated:  January 18, 2019                     Respectfully Submitted,

18                                              XAVIER BECERRA
                                                Attorney General of California
19                                              MARK R. BECKINGTON
                                                Supervising Deputy Attorney General
20

21

22                                              /s/ John D. Echeverria
                                                JOHN D. ECHEVERRIA
23                                              Deputy Attorney General
                                                *Attorneys for Defendants*
24

25

26

27

28