1  Neal A. Potischman (SBN 254862)
    DAVIS POLK & WARDWELL LLP
2  1600 El Camino Real
    Menlo Park, California 94025
3  Phone: (650) 752-2000
    Fax: (650) 752-2156
4  neal.potischman@davispolk.com

5  *Attorneys for Amicus Curiae*
    *Everytown for Gun Safety*
6

7

8                    **UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  WILLIAM WIESE, et al.,                    No. 2:17-cv-00903-WBS-KJN

12                        Plaintiffs,         **MEMORANDUM IN SUPPORT OF
                                              EVERYTOWN'S MOTION FOR**
13                        - v. -              **LEAVE TO PARTICIPATE AS
                                              AMICUS CURIAE**
14  XAVIER BECERRA, et al.,

15                        Defendants.         Hearing Date: February 19, 2019
                                              Hearing Time: 1:30 p.m.
16
                                              Filing Date: January 28, 2019
17

18

19

20

21

22

23

24

25

26

27

28

I.      INTRODUCTION

Everytown for Gun Safety ("Everytown") hereby moves for leave to file the attached amicus brief in support of Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint in this constitutional challenge to California Penal Code § 32310 as amended by Proposition 63 (hereinafter, "Proposition 63") prohibiting the possession of large-capacity magazines.[1] Everytown is the largest gun violence prevention organization in the country, with supporters in every state, including tens of thousands of California residents and the mayors of 52 California cities.  Part of Everytown's mission is to assist courts in evaluating Second Amendment challenges to common sense gun laws by presenting its substantial research on historical firearms laws and expertise in gun law doctrine.

II.     ARGUMENT

It is well settled that district courts have "broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).  An amicus curiae can "assist[] in a case of general public interest, supplement[] the efforts of counsel, and draw[] the court's attention to law that escaped consideration."  *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982).  "District courts frequently welcome amicus briefs from nonparties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'"  *Safari Club Int'l v. Harris*, No. 2:14-cv-01856-GEB-AC, 2015 WL 1255491, at *1 (E.D. Cal. Jan. 14, 2015) (citing *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1016 (N.D. Cal. 2005)).  "The touchstone is whether the amicus is 'helpful,' and there is no requirement 'that amici must be totally disinterested.'"  *California v. U.S. Dep't of Labor*, No. 2:13-CV-02069-KJM-DAD, 2014 WL 12691095, at *1

---

[1] Defendants do not object to the filing of this amicus brief, which is being filed within seven days of the date by which Defendants were required to file their Motion to Dismiss.  Plaintiffs indicated that they would not oppose this request if it is consistent with Everytown's past practices.

MEMORANDUM IN SUPPORT OF EVERYTOWN'S MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE
NO. 2:17-CV-00903-WBS-KJN

1   (E.D. Cal. Jan. 14, 2014) (citing *Hoptowit,* 682 F.2d at 1260).  Everytown submits that these

2   standards counsel in favor of the Court exercising its discretion to permit Everytown to file its

3   brief as amicus curiae.

4          Everytown's proposed amicus brief presents historical analysis that situates Proposition

5   63 in a long tradition of laws prohibiting or regulating weapons that legislatures have determined

6   to be unacceptably dangerous—including a century of restrictions on firearms capable of firing a

7   large number of rounds without reloading.  While this historical context alone should be

8   sufficient for this Court to find Proposition 63 to be constitutional under *Heller*, *see District of*

9   *Columbia v. Heller*, 554 U.S. 570, 626-27 (2008), this brief also addresses why the "common

10  use" test suggested by Plaintiffs is circular and should not persuade this Court; and why

11  Proposition 63 survives intermediate scrutiny even if the Second Amendment is held (or

12  assumed) to apply.

13         Everytown's brief provides a unique perspective and expertise that merits granting

14  Everytown's Motion here.  *See Missouri v. Harris*, No. 2:14-cv-00341-KJM-KJN, 2014 WL

15  2987284, at \*2 (E.D. Cal. July 1, 2014) ("An amicus brief should normally be allowed when,

16  among other considerations, the amicus has unique information or perspective that can help the

17  court beyond the help that the lawyers for the parties are able to provide." (internal citation

18  omitted)).  Everytown has provided similar expertise in several recent cases.  *See, e.g.*, Brief of

19  *Amicus Curiae* Everytown for Gun Safety in Support of Appellees and Affirmance, *Worman v.*

20  *Healey*, No. 18-1545 (1st Cir. Nov. 13, 2018); Brief of Everytown for Gun Safety as Amicus

21  Curiae in Support of Defendants-Appellees, *Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen.*

22  *N.J.*, No. 18-3170, 2018 WL 5802625 (3d Cir. Nov. 2, 2018); Brief of Amicus Curiae Everytown

23  for Gun Safety in Support of Defendant's Opposition to Plaintiffs' Motion for Summary

24  Judgment or, Alternatively, Partial Summary Judgment, *Duncan v. Becerra*, No. 3:17-cv-01017-

25  BEN-JLB, 2018 WL 2405910 (S.D. Cal. Apr. 18, 2018); Brief of Amicus Curiae Everytown for

26  Gun Safety in Support of Defendant-Appellant, *Duncan v. Becerra*, No. 17-56081 (9th Cir. Nov.

27  22, 2017); Brief of Everytown for Gun Safety as Amicus Curiae in Support of Defendants,

28  *Flanagan v. Becerra*, 2:16-cv-06164-JAK-AS (C.D. Cal. Sept. 18, 2017); Brief of Amicus

1  Curiae Everytown for Gun Safety in Support of Appellees and Affirmance, *Wrenn v. District of*

2  *Columbia*, No. 16-7025, 2016 WL 3928913 (D.C. Cir. July 20, 2016); Brief of Amicus Curiae

3  Everytown for Gun Safety in Support of Appellee and Affirmance, *Peña v. Lindley*, No. 15-

4  15449, 2015 WL 5706896 (9th Cir. Sept. 28, 2015).

5        In addition, the Court should grant leave for Everytown to submit an amicus brief

6  because this case implicates important public interests, including California citizens' interest in

7  public safety, with ramifications beyond the parties directly involved.  Proposition 63 was

8  approved by California voters to address serious public safety concerns, giving the voters a direct

9  interest in the outcome of this case.  Moreover, the resolution of Defendants' Motion will

10  necessarily involve application of Second Amendment constitutional principles, which will have

11  broader jurisprudence implications for other firearm regulation litigation nationwide.  *See*

12  *California v. U.S. Dep't of Labor*, 2014 WL 12691095, at \*1 (granting leave to file amicus brief

13  where case implicated constitutional issues and therefore had "potential ramifications beyond the

14  parties directly involved" (internal citation omitted)).

15  **III.  CONCLUSION**

16        For the reasons stated above, Everytown respectfully requests that this Court grant leave

17  for it to participate as amicus curiae and submit a brief in support of Defendants' Motion to

18  Dismiss Plaintiffs' Third Amended Complaint.

19        Respectfully submitted,

20  Dated:  January 28, 2019        DAVIS POLK & WARDWELL LLP

21        /s/ Neal A. Potischman

22        Neal A. Potischman (SBN 254862)
      1600 El Camino Real

23        Menlo Park, California 94025
      Phone: (650) 752-2000

24        Fax: (650) 752-2156
      neal.potischman@davispolk.com

25

26        *Attorneys for Amicus Curiae*

27        *Everytown for Gun Safety*

28