C.D. Michel – SBN 144258
Sean A. Brady – SBN 262007
Anna M. Barvir – SBN 268728
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: abarvir@michellawyers.com

*Attorneys for Amicus Curiae*
*California Rifle & Pistol Association, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WIESE, et al.,<br><br>                              Plaintiffs,<br><br>                    v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of California, et al.,<br><br>                              Defendants. | Case No:  2:17-cv-00903-WBS-KJN<br><br>**BRIEF OF AMICUS CURIAE CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**<br><br>Date:           February 19, 2019<br>Time:           1:30 p.m.<br>Courtroom:   5<br>Judge:          William B. Shubb |

AMICUS BRIEF OF CALIFORNIA RIFLE & PISTOL ASSOCIATION, INC.

**CORPORATE DISCLOSURE STATEMENT**

California Rifle & Pistol Association, Incorporated has no parent corporations. It has no stock and hence no publicly held company owns 10% or more of its stock.

AMICUS BRIEF OF CALIFORNIA RIFLE & PISTOL ASSOCIATION, INC.

**INTRODUCTION**

California Rifle & Pistol Association, Incorporated ("Amicus") submits this amicus curiae brief in support of Plaintiffs' opposition to the State's motion to dismiss their third amended complaint. Amicus is one of the plaintiffs in *Duncan v. Becerra*, No. 17-56081, a matter pending in the Southern District of California that—like this case—involves a challenge to California Penal Code section 32310 on various constitutional grounds, including the Second Amendment and Takings Clause. While Plaintiffs should ultimately prevail on the merits of their Second Amendment and Takings Clause claims, Amicus asks the Court to deny the State's motion to dismiss because Plaintiffs have satisfied their pleading burden.

**ARGUMENT**

The magazines at issue are arms protected under the Second Amendment, as this Court has conceded., (ECF No. 74 at 5 n.3). By completely prohibiting them, therefore, section 32310 violates the Second Amendment. For, as the Supreme Court has acknowledged, bans on protected activity cannot survive any level of constitutional scrutiny. *District of Columbia v. Heller*, 554 U.S. 570, 628 (2008). That doctrinal truism is enough to resolve this matter in Plaintiffs' favor. But, even setting aside the merits question, a Federal Rule of Civil Procedure Rule 12(b)(6) motion is simply not the proper procedural vehicle to dispose of this matter. Such motions should only be granted where "the plaintiffs' complaint fails to 'state a claim to relief that is plausible on its face.' " *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making that assessment, courts may generally look "only to the face of the complaint and exhibits attached to, or incorporated by reference into, the complaint." *Van Buskirk v. Cable News Network, Inc*., 284 F.3d 977, 980 (9th Cir. 2002). All factual allegations set forth in the complaint "are taken as true and construed in the light most favorable to [p]laintiffs." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Plaintiffs' third amended complaint states a valid Second Amendment claim; one the Ninth Circuit has recognized on two separate occasions. *Fyock v. City of Sunnyvale*, 779 F.3d 991 (9th Cir. 2015); *Duncan v. Becerra*, 742 Fed. Appx. 218 (9th Cir. 2018). The complaint also states a valid Takings Clause claim, which the Ninth Circuit likewise recognized on one of those occasions.

**AMICUS BRIEF OF CALIFORNIA RIFLE & PISTOL ASSOCIATION, INC.**

1   *Duncan*, 742 Fed. Appx. 218.

2          To be sure, neither of those Ninth Circuit rulings binds this Court to rule in Plaintiffs' favor

3   on the merits. But one (*Fyock*) precludes it from granting the State's motion to dismiss. The other

4   (*Duncan*) is at great odds with such a prospect—having affirmed the issuance of a preliminary

5   injunction based on the very claims the State seeks to dismiss. *Duncan*, 742 Fed. Appx. At 221-

6   222. In all events, the analysis this Court itself identified as applicable to evaluating section 32310

7   is incompatible with dismissal; specifically, that "California's stated interest of reducing the

8   incidence and harm of mass shootings 'would be achieved less effectively absent the regulation.'"

9   (ECF No. 74 p. 9:23-24). Whether that interest would be less effectively achieved absent section

10  32310 necessarily requires the State to make an evidentiary showing to meet its burden under

11  heightened scrutiny. Because the State *cannot* make that showing on a motion to dismiss—as it

12  goes beyond the corners of the complaint and the State fails to cite judicially noticeable evidence

13  to meet its burden—dismissal is inappropriate.

14         Respectfully, this Court erred in granting the State's previous motion to dismiss by not

15  holding the State to its evidentiary burden and ignoring the *Fyock* court's recognition of a viable

16  Second Amendment claim. The State now invites this Court to repeat that error. Rather than

17  marshalling evidence purporting to justify section 32310, the State merely points to a supposed

18  consensus of other circuit court decisions upholding "large capacity magazine" ("LCM")

19  restrictions in the face of similar challenges, as the basis for granting its motion. Those non-

20  binding decisions are of little, if any, relevance here. Only one involves a Takings Clause claim,

21  belying the State's assertion of a consensus on the constitutionality of LCM restrictions. (ECF No.

22  95 p. 12:3-4). More importantly, none of those cases was decided on a motion to dismiss.[1] In fact,

23  the State is the only government defendant in the entire country—out of several—that has even

24  brought a Rule 12(b)(6) motion to test the validity of a constitutional challenge to an LCM

25

---

26         [1] *Ass'n of N.J. Rifle and Pistol Clubs, Inc. v. Attorney General N.J.*, 910 F.3d 106 (3rd Cir.

27  2018) (motion for preliminary injunction); *Kolbe v. Hogan*, 813 F.3d 160 (4th Cir. 2016) (motion
    for summary judgment); *N.Y. State Rifle and Pistol Ass'n, Inc. v. Cuomo*, 804 F.3d 242, (2nd Cir.
    2015), *cert denied* (motion for summary judgment); *Friedman v. City of Highland Park*, 784 F.3d

28  406 (2015) (motion for summary judgment); *Heller v. District of Columbia*, 670 F.3d 1244 (D.C.
    Cir. 2011) (motion for summary judgment).

AMICUS BRIEF OF CALIFORNIA RIFLE & PISTOL ASSOCIATION, INC.

restriction.[2] Indeed, the State brought no motion to dismiss in Amicus's case challenging exactly the same law on identical legal theories. *Duncan*, 742 Fed. Appx. 218.

This Court should thus decline the State's disingenuous invitation to ignore binding precedent and become the extreme outlier on this issue—especially given that the Ninth Circuit upheld the preliminary injunction against the enforcement of section 32310 in *Duncan* after this Court's previous ruling. What's more, the Ninth Circuit's affirmance of the extraordinary remedy of preliminary injunctive relief on essentially identical claims as Plaintiffs' confirms they have, at least, stated valid claims. Accordingly, this Court should deny the State's motion to dismiss.

## I. PLAINTIFFS HAVE STATED A VALID SECOND AMENDMENT CLAIM SUFFICIENT TO SURVIVE A MOTION TO DISMISS

### A. *Fyock* Recognizes that Plaintiffs' Second Amendment Claim Is Valid; As Binding Precedent, It Compels the Court to Deny the State's Motion to Dismiss

While the *Fyock* court affirmed the district court's denial of a preliminary injunction to prevent an effectively identical LCM restriction to the one at issue from taking effect, in doing so it necessarily recognized that the Second Amendment claim against the restriction was valid. 779 F.3d at 996-97. The court described as its "task to determine only whether the district court correctly distilled the applicable rules of law . . . .." *Id.* at 995. That entailed the Court reviewing all the district court ruling's "underlying legal principles de novo." *Id.*

Of critical relevance here is that, in determining the applicable law, the *Fyock* court did not simply find that the plaintiffs had failed to state a valid claim. To the contrary, the court described what it was evaluating as a "Second Amendment claim" that required analysis. *Id.* at 996. In fact, while it was affirming the preliminary injunction denial, the *Fyock* court was careful to note that it was not ruling on the merits and laid out some potential evidentiary issues that might arise at the merits stage, stating:

> At this early, preliminary injunction stage, however, we do not find it necessary to independently undertake a historical analysis that was unavailable to the district court due to an undeveloped record. As the merits action proceeds and the parties develop the record, the district court will be able to adequately assess the historical roots and implications of firing-capacity regulations.

---

[2] In addition to *Fyock* and those cases listed in footnote 1, *see also S.F. Veteran Police Officers Ass'n, v. City and Cty. of San Francisco*, 18 F. Supp. 997 (N.D. Cal. 2014).

3

AMICUS BRIEF OF CALIFORNIA RIFLE & PISTOL ASSOCIATION, INC.

1   *Id.* at 998 n.4; *see also id.* at 997 (noting that the district court could have found that the Second

2   Amendment does not protect LCMs had the government provided evidence of longstanding LCM

3   restrictions, but that it could not do so on the record before it).

4        These observations show that the *Fyock* court recognized, although implicitly, a valid

5   Second Amendment claim against LCM possession restrictions. As binding precedent here, it

6   precludes this Court from second-guessing that determination and, by extension, precludes

7   granting the State's motion.

8

9        **B.     Because the State Cannot Meet Its Evidentiary Burden to Prevail at the Pleading Stage, the Court Cannot Grant Its Motion to Dismiss**

10       Even if *Fyock* did not bind this Court to deny the State's motion to dismiss, applicable

11  scrutiny does. This Court has already held that section 32310 burdens conduct protected by the

12  Second Amendment. (ECF No. 74 at 5 n.3.) That finding alone entitles Plaintiffs to proceed past

13  the pleading stage. For, once the Court makes that determination, it must apply heightened

14  scrutiny. *United States v. Chovan*, 735 F.3d 1127, 1136-37 (9th Cir. 2013). And even if mere

15  intermediate scrutiny applies—which Amicus does not concede—the burden remains on the State

16  to justify the challenged law. *See*, *e.g.*, *R.A.V. v. City of St. Paul*, 505 U.S. 377, 382 (1992)

17  (holding that content-based speech regulations are presumptively invalid). That "burden is not

18  satisfied by mere speculation or conjecture." *Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 555

19  (2001). The state instead must establish that its chosen restriction "will in fact alleviate" the

20  "harms it recites." *Id*. It must also show that the law is "closely drawn" to achieve its interest in a

21  way that "avoid[s] unnecessary abridgement" of constitutionally protected conduct. *McCutcheon v.*

22  *Fed. Election Comm'n*, 572 U.S. 185, 196-200. And, contrary to this Court's previous ruling, the

23  Court does *not* owe the State any deference on whether section 32310 is so tailored. *Turner Broad.*

24  *Sys., Inc. v. F.C.C.*, 520 U.S. 180, 214 (1997). That is a burden the State has not met and cannot

25  meet, at least not in a Rule 12(b)(6) motion.

26       First, section 32310 directly targets the lawful possession of magazines capable of holding

27  over ten rounds in hopes that reducing their availability to law-abiding citizens will reduce their

28  availability to mass shooters. The target of section 32310, then, is not, as the State contends,

AMICUS BRIEF OF CALIFORNIA RIFLE & PISTOL ASSOCIATION, INC.

simply the statistically rare mass shooting, but the mere possession of constitutionally protected arms by the law-abiding. The State's rationale, while conceptually logical, is simply out of step with the respect due fundamental rights. The Supreme Court has a long history of rejecting the notion that governments may ban constitutionally protected activity simply because such activity could lead to abuses. Indeed, a quintessential example is *Heller*, in which the District of Columbia tried to justify its handgun ban by claiming handguns were involved in most firearm-related homicides in the United States. *Heller*, 554 U.S. at 696 (Breyer, J., dissenting) (collecting statistics). Despite the District's compelling interest in preventing homicides, the Supreme Court held that a ban on possession of those protected arms by law-abiding citizens lacks the required fit to that goal "[u]nder any of the standards of scrutiny." *Id*. at 628- 29 (majority opinion). For this reason alone, the Court should deny the State's motion to dismiss and Plaintiffs should ultimately prevail.

But even if the Court disagrees with that premise, it must still hold the State to its evidentiary burden under heightened scrutiny. Meeting that burden requires the State to establish that section 32310 "will in fact alleviate" the "harms [the State] recites," rather than relying on "mere speculation or conjecture." *Lorillard Tobacco Co.*, 533 U.S. at 555. The State cannot make that evidence-based showing at the pleadings stage, absent binding precedent resolving the analysis in the State's favor. No such precedent exists here.

For these reasons, this Court erred when it ruled that "California's stated interest of reducing the incidence and harm of mass shootings 'would be achieved less effectively absent the regulation,' " apparently because "courts give substantial deference to the predictive judgments" of the voters who believed section 32310 would achieve that goal. (ECF No. 74 at 9:21-25.) This level of legislative deference is inappropriate at any stage, but particularly at the pleadings stage.

While it is not the role of a court to replace the considered judgment of the legislature with its own, that does not mean it must (or even should) rubber stamp whatever the legislature decrees. That would be rational basis review, masquerading as intermediate scrutiny. It is thus ultimately the Court's role to "assure that, in formulating its judgments, [the legislature] has drawn reasonable inferences based on substantial evidence." *Turner Broad. Sys. v. FCC*, 512 U.S. 622,

**AMICUS BRIEF OF CALIFORNIA RIFLE & PISTOL ASSOCIATION, INC.**

666 (1994); *see also Kachalsky v. County of Westchester*, 701 F.3d 81, 97 (2d Cir. 2012). This requires courts to consider carefully the government's evidence and make an independent judgment about the reasonableness of the inferences drawn from it. But making that call inevitably requires the Court to look beyond the pleadings, or at a minimum, fail to construe Plaintiffs' allegations as true, neither of which is permissible at this stage. *Epstein*, 83 F.3d 1140. And, in all events, the State has proffered no admissible evidence in support of its motion that could even conceivably meet its burden at any stage.

The State improperly relies on *Mahoney v. Sessions*, 871 F.3d 883 (9th Cir. 2017) and *Wilson v. Lynch*, 835 F.3d 1083, 1095 (9th Cir. 2016). (ECF No. 95 p. 14:18-26). Those cases do not apply because the *Mahoney* complaint contained an admission negating the plaintiffs' claim regardless of evidence (i.e., that the challenged policy expressly allowed for self-defense), *Mahoney*, 871 F.3d 881, and the *Wilson* plaintiffs did not dispute the evidence relied on by the government there, *Wilson*, 835 F.3d 1093. Neither set of facts are present here, where the Plaintiffs have plainly pleaded an injury and dispute the State's evidence. (ECF No. 76 at 20, ¶66; ECF No. 98 at 10-16.)

In sum, this Court should reconsider its previous analysis, find that Plaintiffs have indeed stated a claim under the Second Amendment, and deny the State's motion to dismiss that claim.

## II.      PLAINTIFFS HAVE STATED A VALID TAKINGS CLAUSE CLAIM

In ruling on the State's previous motion to dismiss, this Court held that because there were "alternatives to turning the magazines over to law enforcement," such as selling them, taking them out of state, or permanently altering them, the plaintiffs "[did] not plausibly allege that the ban operates as government appropriation of private property for government or public use." (ECF No. 74 at 12:1-6.) That section 32310 provides those alternatives to surrendering LCMs does not save it from exacting a physical taking.

The State does not seriously dispute that requiring plaintiffs to surrender an LCM to the government for destruction, Cal. Penal Code § 32310(d)(3), results in a physical taking. That conclusion is obvious, as relinquishing both title and possession of the magazines forfeits "the entire 'bundle' of property rights" in the property. *Horne v. Dep't of Agric.*, __ U.S.__, 135 S. Ct.

AMICUS BRIEF OF CALIFORNIA RIFLE & PISTOL ASSOCIATION, INC.

2419, 2428 (2015). The State instead argues that the law does not amount to a physical taking because it also allows citizens to surrender their property to persons or places other than the government, or destroy it altogether: Plaintiffs may sell the magazines to a firearms dealer, move them to another state, or permanently alter the magazines so that they cannot hold more than 10 rounds. (ECF No. 16 at 12-15 (citing Cal. Penal Code § 32310(d).) But none of those options renders the law anything but a physical taking.

The first option—forcing Plaintiffs to sell their property—is no less a taking than if the government seized it. The essence of a taking is the dispossession of property from the owner. Whether the government edict forces the owner to hand the property over to the government or to a third party, there is still a taking. Thus, in the landmark *Kelo* case, it made no difference to the Court's analysis that the law allowed Kelo to sell her property to a "private nonprofit entity." *Kelo v. City of New London*, 545 U.S. 469, 473-75 (2005). Instead, as the Ninth Circuit has emphasized, "it is sufficient" that the law "involves a direct interference with or disturbance of property rights," even if the government itself does not "directly appropriate the title, possession or use of the propert[y]." *Richmond Elks Hall Ass'n v. Richmond Redevel. Agency*, 561 F.2d 1327, 1330 (9th Cir. 1977). At a minimum, forcing citizens to sell their property places an unconstitutional condition on the possession of their property, which effects an unconstitutional taking. *See Koontz v. St. Johns River Water Mgmt. Dist.*, 133 S. Ct. 2586, 2595-96 (2013).

The second option—moving the property out of California to another state— fares no better. Like a mandatory sale to a third party or surrender to the government, a mandatory transfer of property out of state, often away from the owner's primary home, involves "a direct interference with or disturbance of" the owner's right to the property. *Richmond Redevel. Agency*, 561 F.2d at 1330. It is no answer that citizens can possess their property in another state. As California itself has recognized, "each State bears an independent obligation to ensure that its regulations do not infringe the constitutional rights of persons within its borders." Amicus Brief for the States of N.Y., Cal., et al., at 20, *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292 (2016). California cannot invoke the permissive laws of another state to validate its own unconstitutional restriction. *See Jackson*, 746 F.3d at 967 ("That Jackson may easily purchase ammunition elsewhere is

AMICUS BRIEF OF CALIFORNIA RIFLE & PISTOL ASSOCIATION, INC.

1    irrelevant."); *cf. Whole Woman's Health*, 136 S. Ct. at 2304, 2312 (the availability of abortion

2    services in a nearby state did not cure constitutional violation).

3          The third option—permanently altering the magazines to accept fewer than ten rounds—

4    cannot be squared with Supreme Court takings precedents either. (ECF 12 at 71.) In *Horne*, for

5    example, the raisin growers could have "plant[ed] different crops," or "[sold] their raisin-variety

6    grapes as table grapes or for use in juice or wine." 135 S. Ct. at 2430. Likewise, in *Loretto*, the

7    property owner could have converted her building into something other than an apartment

8    complex. *See Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 439 n.17. The

9    Supreme Court rejected those arguments in both cases, admonishing that "property rights 'cannot

10   be so easily manipulated.'" *Horne*, 135 S. Ct. at 2430 (quoting *Loretto*, 458 U.S. at 439 n.17).

11         A Ninth Circuit panel considered the above Takings Clause analysis and described it as

12   "outlin[ing] the correct legal principles." *Duncan*, 742 Fed. Appx. at 222. The panel explained that

13   in *Duncan*, "the district court did not exceed its discretion by concluding (1) that the three options

14   provided in section 32310(d) (surrender, removal, or sale) fundamentally 'deprive Plaintiffs not

15   just of the *use* of their property, but of *possession*, one of the most essential sticks in the bundle of

16   property rights'; and (2) that California could not use the police power to avoid compensation." *Id*.

17   (quoting *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1020-29; *Loretto*, 458 U.S. 426).

18         In sum, this Court should reconsider its previous analysis, find that Plaintiffs have indeed

19   stated a claim under the Takings Clause, and deny the State's motion to dismiss that claim.

20   **III.    THE STATE'S MOTION WILL BE MOOT UPON A RULING IN THE *DUNCAN* MATTER**

21         Amicus and its fellow plaintiffs have filed and fully briefed a Rule 56 motion in the

22   *Duncan* matter. Pls. Mot. Summ. J., *Duncan v. Becerra*, No. 17-56081 (S.D. Cal. Mar. 5, 2018),

23   ECF No. 50. The Honorable Judge Benitez heard that motion and ordered the parties to provide

24   additional briefing, which was completed on June 11, 2018. Min. Entry, *Duncan v. Becerra*, No.

25   17-56081 (S.D. Cal. May 10, 2018), ECF No. 60; Pls.' Court Ordered Suppl. Br. Supp. Mot.

26   Summ. J, *Duncan v. Becerra,* No. 17-01017 (S.D. Cal. June 6, 2018), ECF No. 63; Def.'s Resp. to

27   Pls.' Suppl. Br., *Duncan v. Becerra*, No. 17-01017 (S.D. Cal. June 21, 2018), ECF No. 64. There

28   has yet to be a ruling on the *Duncan* plaintiffs' motion, but Amicus expects a ruling any day.

1    So even if this Court disagrees with Amicus's arguments stated above, if Judge Benitez

2    grants Amicus's summary judgment motion in *Duncan*, this Court should still deny the State's

3    motion to dismiss as moot because at that point this Court would be rendered unable to grant

4    effectual relief. *See Rocky Mountain Farmers Union v. Corey*, 730 F.3d 1070 (9th Cir. 2013),

5    *reh'g en banc denied*. Indeed, if the *Duncan* court permanently enjoins section 32310(c), there

6    would no longer be a justiciable controversy. *See Lazaro Ass'n, Inc. v Connell*, 286 F.3d 1088,

7    1095 (9th Cir. 2002). For Plaintiffs would enjoy the relief they seek, and the State could defend the

8    challenged law's constitutionality by appealing the adverse ruling in *Duncan*. In other words, at

9    that point, Plaintiffs would lack standing because their alleged injury abated, and the State's

10   motion to dismiss would be moot and thus become an improper request for an advisory opinion.

11   *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 606 n.4. As a result, the only appropriate step for

12   this Court to take in that situation would be to deny the motion as moot.

**CONCLUSION**

13

14   For the reasons stated above, Amicus asks this Court to deny the State's motion to dismiss

15   Plaintiffs' Second Amendment and Takings Clause claims.

16   Dated: February 12, 2019                          **MICHEL & ASSOCIATES, P.C.**

17

18                                                     /s/Sean A. Brady
                                                       Sean A. Brady
19                                                     Email: sbrady@michellawyers.com
                                                       Attorneys for Amicus Curiae
20                                                     California Rifle & Pistol Association, Inc.

21

22

23

24

25

26

27

28

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

Case Name: *Wiese, et al. v. Becerra, et al.*
Case No.: 2:17-cv-00903-WBS-KJN

IT IS HEREBY CERTIFIED THAT:

      I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 180 East Ocean Boulevard, Suite 200 Long Beach, CA 90802. I am not a party to the above-entitled action.

      I have caused service of the following documents, described as:

**BRIEF OF AMICUS CURIAE CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

on the following parties by electronically filing the foregoing on February 12, 2019, with the Clerk of the District Court using its ECF System, which electronically notifies them.

**See service list.**

      I declare under penalty of perjury that the foregoing is true and correct. Executed on February 12, 2019, at Long Beach, CA.

                           /s/Laura Palmerin
                           Laura Palmerin

## SERVICE LIST

George M. Lee
gml@sezalaw.com
Douglas A. Applegate
daa@sezalaw.com
Seiler Epstein Ziegler & Applegate LLP
601 Montgomery Street, Suite 2000
San Francisco, CA 94111

*Attorneys for Plaintiffs William Wiese, Jeremiah Morris, Lance Cowley, Sherman Macaston, Clifford Flores, L.Q. Dang, Frank Federau, Alan Normandy, Todd Nielsen, The Calguns Foundation, Firearms Policy Coalition, Firearms Policy Foundation, and Second Amendment Foundation*

Raymond M. DiGuiseppe
law.rmd@gmail.com
The DiGuiseppe Law Firm, P.C.
2 North Front Street, Fifth Floor
Wilmington, NC 28401

Alexandra Robert Gordon
alexandra.robertgordon@doj.ca.gov
John D. Echeverria
john.echeverria@doj.ca.gov
Office of the California Attorney General
300 S. Spring Street, Suite 1702
Los Angeles, CA 90013

*Attorneys for Defendants Xavier Becerra and Martha Supernor*

Neal Alan Potischman
neal.potischman@davidspolk.com
Davis Polk & Wardwell
1600 El Camino Real
Menlo Park, CA 94025

*Attorneys for Amicus Everytown for Gun Safety*

CERTIFICATE OF SERVICE