UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| WILLIAM WIESE, an individual; JEREMIAH MORRIS, an individual; LANCE COWLEY, an individual; SHERMAN MACASTON, an individual; CLIFFORD FLORES, individually and as trustee of the Flores Family Trust; L.Q. DANG, an individual; FRANK FEDERAU, an individual; ALAN NORMANDY, an individual; TODD NIELSEN, an individual; THE CALGUNS FOUNDATION; FIREARMS POLICY COALITION; FIREARMS POLICY FOUNDATION; and SECOND AMENDMENT FOUNDATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of California; and MARTHA SUPERNOR, in her official capacity as Acting Chief of the Department of Justice Bureau of Firearms,<br><br>    Defendants. | No. 2:17-cv-903 WBS KJN<br><br><u>MEMORANDUM & ORDER RE: MOTION TO DISMISS THIRD AMENDED COMPLAINT</u> |

----oo0oo----

1

Before the court is defendants' Motion to Dismiss Plaintiffs' Third Second Amended Complaint. (Docket No. 95.) The court held a hearing on the motion on February 19, 2019.

I. Factual and Procedural History

This case concerns a challenge to California's prohibition on the possession of gun magazines that can hold more than ten bullets, or "large capacity" magazines.[1] Although California had banned the purchase, sale, transfer, receipt, or manufacture of such magazines since 2000, it did not ban the possession of these magazines. Fyock v. City of Sunnyvale, 779 F.3d 991, 994 (9th Cir. 2015). In effect, Californians were allowed to keep large capacity magazines they had obtained prior to 2000, but no one, with a few exceptions such as law enforcement officers, has been allowed to obtain new large capacity magazines in California since 2000.

On July 1, 2016, California enacted Senate Bill 1446 ("SB 1446"), which amended California Penal Code § 32310, criminalizing the possession of large capacity magazines as of July 1, 2017, regardless of when the magazines were obtained. Then, on November 8, 2016, the California electorate approved Proposition 63, which largely mirrors SB 1446. The amended version of Section 32310 enacted by Proposition 63 requires that anyone possessing a large capacity magazine either remove the magazine from the state, sell the magazine to a licensed firearms

---

[1] Large capacity magazines are defined under California Penal Code § 16740 as any ammunition-feeding device with the capacity to accept more than ten rounds, though this section specifically excludes from this definition any "ammunition feeding device that has been permanently altered so that it cannot accommodate more than 10 rounds."

2

dealer, or surrender the magazine to a law enforcement agency for its destruction prior to July 1, 2017. Cal. Penal Code § 32310(d).[2]

A. Procedural History

On April 28, 2017, plaintiffs filed the instant action alleging that Section 32310 is unconstitutional. After the original Complaint was amended, the court denied plaintiffs' request for a temporary restraining order and then denied plaintiffs' request for a preliminary injunction. (Docket Nos. 45, 52.) In denying a preliminary injunction, the court held that injunctive relief was not warranted because, among other things, plaintiffs were not likely to succeed on their Second Amendment, takings, void for vagueness, and overbreadth claims.

After the court denied plaintiffs' request for a preliminary injunction, plaintiffs filed their Second Amended Complaint ("SAC"), which expanded on their previously asserted claims and which added (1) an equal protection claim under the U.S. and California Constitutions; (2) an allegation that the ban operates as a taking under the California Constitution; and (3) additional allegations in support of their vagueness claims. (Docket No. 59.)

The court dismissed the Second Amended Complaint on February 7, 2018. (Docket No. 74.) The court dismissed the Second Amendment claim after determining that intermediate

---

[2] As a shorthand, the court refers to the current version of Section 32310, with its elimination of the grandfather clause for large capacity magazines owned before 2000, as the "large-capacity magazine ban," notwithstanding the fact that California has banned the purchase, sale, transfer, receipt, or manufacture of such magazines since 2000.

3

scrutiny applied and after finding that there was a reasonable fit between the ban and its important objective of reducing the incidence and harm of mass shooting. This decision was informed by, inter alia, the Ninth Circuit's decision in Fyock v. City of Sunnyvale, 779 F.3d 991, and decisions in several other circuits finding that there was a reasonable fit between similar large capacity magazine bans and similar objectives in other jurisdictions. (Docket No. 74 at 4-10.)

The court next held that the Second Amended Complaint did not sufficiently allege that the large capacity magazine ban was a physical taking under the United States or California Constitutions because magazine owners may sell the magazines to licensed gun dealers, remove them from the state, or permanently modify them so they no longer accept more than 10 rounds. The court further held that the Second Amended Complaint did not sufficiently allege the ban was a regulatory taking because these options meant the ban did not completely deprive the owners of all beneficial use of their property. (Id. at 10-13.)

Finally, the court held that the Second Amended Complaint did not sufficiently allege that the large capacity magazine ban was void for vagueness or was overbroad, or that its exemption for magazines used solely as props in movie, television, or video production violated the equal protection clause of the United States and California Constitutions. (Id. at 13-23.) Accordingly, the court dismissed the Second Amended Complaint in its entirety.

B.  Duncan v. Becerra

Shortly after this court denied plaintiffs' request for

a preliminary injunction, Judge Roger T. Benitez enjoined California's large capacity magazine ban in Duncan v. Becerra, 265 F. Supp. 3d 1106 (S.D. Cal. 2017). The district court in Duncan held that, among other things, the plaintiffs in that case had shown a likelihood of success of the merits on their Second Amendment and takings claims. After this court dismissed the Second Amended Complaint in the instant case, the Ninth Circuit upheld Judge Benitez's preliminary injunction in a memorandum disposition in Duncan v. Becerra, 742 F. App'x 218 (9th Cir. 2018). Proceedings in the district court in Duncan v. Becerra are ongoing, and that court's preliminary injunction remains in effect.

II. Discussion

The court notes that plaintiffs' Third Amended Complaint has only minor changes from the Second Amended Complaint, which this court previously found insufficient under Federal Rule of Civil Procedure 12(b)(6).[3] However, after the court's decision dismissing the Second Amended Complaint, the Ninth Circuit issued its decision in Duncan affirming the district court's injunction against the large capacity magazine ban.

It is unclear how the Ninth Circuit's decision in Duncan is reconcilable with its prior decision in Fyock v. City of Sunnyvale, 779 F.3d 991, which affirmed the denial of a preliminary injunction against a similar municipal large capacity magazine ban. Nevertheless, the Ninth Circuit's affirmance in

---

[3] Almost all of the additional allegations in the Third Amended Complaint concern plaintiffs' Second Amendment claim.

1    Duncan compels this court to deny the motion to dismiss
2    plaintiffs' claims in the Third Amended Complaint for violations
3    of the Second Amendment and the takings clauses of the United
4    States and California Constitutions.  If it is the law of this
5    Circuit that the district judge in Duncan had discretion to find
6    that plaintiffs there were likely to succeed on the merits of
7    claims substantially identical to the claims of plaintiffs here,
8    it follows as a matter of law that the Third Amended Complaint in
9    this action does not fail to state a claim upon which relief can
10   be granted on those very claims.

11           Although the Ninth Circuit was not presented with an
12   equal protection claim in Duncan, that decision also compels this
13   court to deny defendants' motion to dismiss the Third Amended
14   Complaint's equal protection claim.  In addressing the motion to
15   dismiss the Second Amended Complaint, this court held that
16   plaintiffs had not sufficiently alleged that the large capacity
17   magazine ban's exemption for magazines used solely as props in
18   movie, television, or video production (the "film prop
19   exemption") violates the equal protection clauses of the United
20   States and California Constitutions because (1) the exemption did
21   not involve a suspect class; (2) because the ban did not violate
22   the Second Amendment, the ban did not burden a fundamental right
23   and therefore rational basis review applied; and (3) the ban
24   survived rational basis review because California could have
25   rationally believed that magazines used solely as film props were
26   not at risk of being used in mass shootings and this exception
27   could benefit an important sector of the California economy.
28   (Docket No. 74 at 20-23.)

While there is no dispute that the large capacity magazine ban and its film prop exemption does not involve a suspect class, in light of Duncan, the court must revisit its prior determination that the law did not burden the exercise of a fundamental right, because if the law does burden a fundamental right, strict scrutiny, rather than the rational basis test, applies. Because this court has now determined that the Third Amended Complaint states a claim for a violation of the Second Amendment, it follows that Third Amended Complaint sufficiently alleges that the ban and its film prop exemption burden the exercise of a fundamental right such that strict scrutiny applies.

Under strict scrutiny, the court asks whether a law is narrowly tailored to serve a compelling government interest. Honolulu Weekly, Inc. v. Harris, 298 F.3d 1037, 1047 (9th Cir. 2002). Here, defendants have not sufficiently identified a compelling government interest for this exemption. Nor have they sufficiently explained how the film prop exemption is narrowly tailored to serve that interest.[4] Further, plaintiffs allege that the law discriminates against the majority of Californians by allowing actors, studio employees, or studio contractors to possess large capacity magazines (albeit for a limited use) while denying such right to other Californians. Accordingly, plaintiffs have sufficiently alleged the film prop exemption fails strict scrutiny, and the court will deny the motion to

---

[4] The court will not speculate as to how such an exemption could be narrowly tailored or what a compelling government interest might be.

dismiss as to the equal protection claim.

The court reaches a different result as to plaintiffs' other claims. The Ninth Circuit's decision in Duncan has no effect on this court's prior determination as to plaintiffs' allegations that the large capacity magazine ban is void for vagueness. The court will not repeat its prior discussion on this issue and holds that the Third Amended Complaint does not sufficiently allege the large capacity magazine ban is void for vagueness for the reasons stated in the court's order dismissing the Second Amended Complaint. (See Docket No. 74 at 14-18.) Similarly, even though plaintiffs have now sufficiently alleged the large capacity magazine ban prohibits a substantial amount of constitutionally protected conduct in light of the Ninth Circuit's decision in Duncan, Duncan has no effect on the court's prior holding that the overbreadth doctrine is inapplicable in the Second Amendment context, and dismissal of the overbreadth claim is appropriate for that reason. (See Docket No. 74 at 19.) Accordingly, the court will dismiss the Third Amended Complaint's vagueness and overbreadth claims.[5]

---

[5] The court GRANTS plaintiffs' and defendants' requests for judicial notice (Docket Nos. 61-1 and 98-1) and takes judicial notice of the text of Senate Bill 1446; Proposition 63; the California Official Voter Information Guide for Proposition 63; the California Department of Justice Finding of Emergency and Notice of Proposed Emergency Action regarding Proposition 63; the version of California Penal Code § 32406 enacted by SB 1446; the version of § 32406 enacted by Proposition 63; the Office of Senate Floor Analyses' May 19, 2016 report regarding SB 1446; the December 16, 2016 proposed regulations regarding large capacity magazines; and the December 29, 2016 Amended Notice of Withdrawal of the proposed regulations. The court takes judicial notice of these documents as the text of these documents is not subject to reasonable dispute, the documents were previously attached to pleadings in this case, and the court may take judicial notice of

8

IT IS THEREFORE ORDERED that defendants' Motion to Dismiss Third Amended Complaint (Docket No. 95) be, and the same hereby is, GRANTED IN PART. Defendants' motion to dismiss as to the Third Amended Complaint's Second Amendment, takings, and equal protection claims is DENIED. Defendants' motion to dismiss as to the Third Amended Complaint's vagueness and overbreadth claims is GRANTED. Because plaintiffs have already amended their complaint multiple times and it does not appear that further amendment could improve on their allegations in support of their vagueness and overbreadth claims, Counts III and IV are DISMISSED WITH PREJUDICE.[6]

Dated: February 25, 2019

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

legislative history reports when ruling on a motion to dismiss. See, e.g., In re Google, Inc. Gmail Litig., No. 13-MD-02430-LHK, 2013 WL 5423918, *6 (N.D. Cal. Sept. 26, 2013) (citations omitted).

[6] The court finds no need to rule on the motions of Everytown for Gun Safety (Docket Nos. 96-97) and California Rifle & Pistol Association (Docket Nos. 100-01) to file amicus curiae briefs. The court has read the briefs and does not find that they add anything substantively to the dialogue.