XAVIER BECERRA, State Bar No. 118517
Attorney General of California
MARK R. BECKINGTON, State Bar No. 126009
Supervising Deputy Attorney General
JOHN D. ECHEVERRIA, State Bar No. 268843
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (213) 269-6249
 Fax: (213) 897-5775
 E-mail: John.Echeverria@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **WILLIAM WIESE, et al.,**<br><br>                        Plaintiffs,<br><br>     v.<br><br>**XAVIER BECERRA, et al.,**<br><br>                        Defendants. | 2:17-cv-00903-WBS-KJN<br><br>**DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Judge:        Hon. William B. Shubb<br>Courtroom: 5, 14th Floor<br>Trial Date:  None Set<br>Action Filed: April 28, 2017 |

Defendants Attorney General Xavier Becerra and Bureau of Firearms Director Martin Horan[1] (together, "Defendants") submit their answer in response to Plaintiffs' Third Amended Complaint for Declaratory and Injunctive Relief (the "Complaint"). Defendants answer, in paragraphs that correspond to the Complaint's paragraphs, as follows:[2]

**INTRODUCTION**[3]

1. The allegations contained in paragraph 1 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 1.

2. The allegations contained in paragraph 2 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 2.

3. The allegations contained in paragraph 3 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. In addition, Plaintiffs' vagueness claims (Counts III and IV) have been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. To the extent a response is required, Defendants deny the allegations in paragraph 3.

4. The allegations contained in paragraph 4 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. In addition, Plaintiffs' overbreadth claim (Count IV) has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. To the extent a response is required, Defendants deny the allegations in paragraph 4.

5. Defendants admit the allegations contained in the second and third sentences of paragraph 5. The remaining allegations contained in paragraph 5 characterize Plaintiffs' claims

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Bureau of Firearms Director Martin Horan, in his official capacity, is substituted for Chief Stephen Lindley, who had been previously substituted for Acting Chief Martha Supernor.

[2] The following responses to each paragraph include responses to any footnotes that may be contained in the relevant paragraph.

[3] For the convenience of the Court and the parties, Defendants utilize certain headings as set forth in the Complaint. In doing so, Defendants neither admit nor deny any allegations that may be suggested by the Complaint's headings.

and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the remaining allegations in paragraph 5.

6. The allegations contained in paragraph 6 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 6.

7. The allegations contained in paragraph 7 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 7.

## PARTIES

8. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 and, on that basis, deny the allegations in paragraph 8.

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 and, on that basis, deny the allegations in paragraph 9.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 and, on that basis, deny the allegations in paragraph 10.

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 and, on that basis, deny the allegations in paragraph 11.

12. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 and, on that basis, deny the allegations in paragraph 12.

13. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 and, on that basis, deny the allegations in paragraph 13.

14. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and, on that basis, deny the allegations in paragraph 14.

15. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 and, on that basis, deny the allegations in paragraph 15.

16. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 and, on that basis, deny the allegations in paragraph 16.

17. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first two sentences in paragraph 17 and, on that basis, deny those allegations. The allegations in the final sentence of paragraph 17 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in the final sentence of paragraph 17.

18. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first three sentences in paragraph 18 and, on that basis, deny those allegations. The allegations in the final sentence of paragraph 18 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in the final sentence of paragraph 18.

19. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first two sentences in paragraph 19 and, on that basis, deny those allegations. The allegations in the final sentence of paragraph 19 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in the final sentence of paragraph 19.

20. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first two sentences in paragraph 20 and, on that basis, deny those allegations. The allegations in the final sentence of paragraph 20 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in the final sentence of paragraph 20.

21. The allegations in paragraph 21 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 21.

22. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 and, on that basis, deny the allegations in paragraph 22.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 and, on that basis, deny the allegations in paragraph 23.

24. Defendants admit the allegations in paragraph 24.

3
Defendants' Answer to Third Amended Complaint for Declaratory
and Injunctive Relief (2:17-cv-00903-WBS-KJN)

25. Defendants deny the allegations in paragraph 25. Defendants admit that Martin Horan is the Director of the Bureau of Firearms and that he is sued in his official capacity.

**JURISDICTION AND VENUE**

26. The allegations in paragraph 26 are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 26, except to admit that this Court has jurisdiction over this action.

27. The allegations in paragraph 27 are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants admit the first sentence of paragraph 27, and admit that the Attorney General and Department of Justice maintain an office in Fresno, but, except as specifically admitted, deny the remaining allegations in paragraph 27.

**BACKGROUND AND FACTS COMMON TO ALL COUNTS**

28. The allegations in paragraph 28 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants admit that the Second Amendment and the judicial opinion quoted in paragraph 28 speak for themselves. Except as specifically admitted, Defendants deny the allegations of paragraph 28.

29. The allegations in paragraph 29 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 29.

30. The allegations in paragraph 30 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants admit that the judicial opinion cited in paragraph 30 speaks for itself. Except as specifically admitted, Defendants deny the allegations in paragraph 30.

31. The allegations in paragraph 31 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants admit that the judicial opinion quoted in paragraph 31 speaks for itself. Except as specifically admitted, Defendants deny the allegations of paragraph 31.

32.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 and, on that basis, deny the allegations in paragraph 32.

33.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 and, on that basis, deny the allegations in paragraph 33.

34.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 and, on that basis, deny the allegations in paragraph 34.

35.   Defendants admit that Senate Bill 23 and California Penal Code section 15740 speak for themselves. Except as specifically admitted, Defendants deny the allegations in the first two sentences of paragraph 35. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the final sentence of paragraph 35 and, on that basis, deny the allegations in the final sentence of paragraph 35.

36.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36 and, on that basis, deny the allegations in paragraph 36.

37.   Defendants admit that the Finding of Emergency, attached as Exhibit A to the Complaint, speaks for itself and was later withdrawn. Except as specifically admitted, Defendants deny the allegations in paragraph 37.

38.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38 and, on that basis, deny the allegations in paragraph 38.

39.   Defendants admit that Governor Edmund G. Brown, Jr. approved Senate Bill 1446 on July 1, 2016 and that Senate Bill 1446 speaks for itself. Except as specifically admitted, Defendants deny the allegations in paragraph 39.

40.   Defendants admit that California voters approved Proposition 63, "The Safety for All Act of 2016," on November 8, 2016, and that Proposition 63 took effect on November 9, 2016. Defendants also admit that Senate Bill 1446 and Proposition 63 speak for themselves. Except as specifically admitted, Defendants deny the allegations in paragraph 40.

41.   Defendants admit that Proposition 63 speaks for itself. Except as specifically admitted, Defendants deny the allegations in paragraph 41.

42. The allegations in paragraph 42 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 42.

43. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 43 and, on that basis, deny the allegations in paragraph 43.

44. Defendants admit that Exhibit B to the Complaint speaks for itself. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 44 and, on that basis, deny the allegations in the first sentence of paragraph 44. The allegations in the final sentence of paragraph 44 are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in the final sentence of paragraph 44. Except as specifically admitted, Defendants deny the remaining allegations in paragraph 44.

45. The allegations in paragraph 45 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 45.

46. The allegations in paragraph 46 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 46.

47. The allegations in paragraph 47 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 47.

48. Defendants admit that the legal authorities quoted in paragraph 48 speak for themselves. Otherwise, the allegations in paragraph 48 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 48.

49. Defendants admit that the legal authorities quoted in paragraph 49 speak for themselves. Otherwise, the allegations in paragraph 49 characterize Plaintiffs claims and are not

Defendants' Answer to Third Amended Complaint for Declaratory
and Injunctive Relief (2:17-cv-00903-WBS-KJN)

averments of fact to which Defendants are required to respond.  To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 49.

50. The allegations in paragraph 50 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 50 and, on that basis, deny the allegations in paragraph 50.

51. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 51 and, on that basis, deny the allegations in paragraph 51.

52. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 52 and, on that basis, deny the allegations in paragraph 52.

53. Defendants admit that the Roster of Handguns Certified for Sale speaks for itself. Otherwise, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 53 and, on that basis, except as specifically admitted, deny the allegations in paragraph 53.

54. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 54 and, on that basis, deny the allegations in paragraph 54.

55. The allegations in paragraph 55 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in paragraph 55.

56. The allegations in paragraph 56 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in paragraph 56.

57. The allegations in paragraph 57 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in paragraph 57.

## CLAIMS FOR RELIEF

## COUNT I: VIOLATION OF U.S. CONST. AMEND. II

58. Defendants incorporate by reference herein the responses contained in paragraphs 1 through 57, inclusive.

59. The allegations in paragraph 59 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 59.

60. The allegations in paragraph 60 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 60.

61. The allegations in paragraph 61 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 61.

62. Defendants admit that California Penal Code section 32310(b) speaks for itself. Except as specifically admitted, Defendants deny the allegations in paragraph 62.

63. Defendants admit that California Penal Code section 32310(d) speaks for itself. Otherwise, the allegations in paragraph 63 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 63.

64. Defendants admit that California Penal Code section 32390 speaks for itself. Otherwise, the allegations in paragraph 64 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 64.

65. The allegations in paragraph 65 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 65.

8

Defendants' Answer to Third Amended Complaint for Declaratory
and Injunctive Relief (2:17-cv-00903-WBS-KJN)

66. The allegations in paragraph 66 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 66.

67. Defendants admit that the judicial opinion quoted in paragraph 67 speaks for itself. Otherwise, the allegations in paragraph 67 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 67.

68. The allegations in paragraph 68 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 68.

69. The allegations in paragraph 69 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 69.

70. The allegations in paragraph 70 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 70.

71. The allegations in paragraph 71 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 71.

**COUNT II: VIOLATION OF U.S. CONST. AMENDS. V AND XIV; CAL. CONST. ART. I, § 19**

**(Due Process and Takings)**

72. Defendants incorporate by reference herein the responses contained in paragraphs 1 through 71, inclusive.

73. Defendants admit that the Fifth Amendment to the U.S. Constitution speaks for itself. Except as specifically admitted, Defendants deny the allegations in paragraph 73.

74. Defendants admit that the Fourteenth Amendment to the U.S. Constitution speaks for itself. Except as specifically admitted, Defendants deny the allegations in paragraph 74.

Defendants' Answer to Third Amended Complaint for Declaratory and Injunctive Relief (2:17-cv-00903-WBS-KJN)

75. Defendants admit that Article I, section 19, of the California Constitution speaks for itself. Except as specifically admitted, Defendants deny the allegations in paragraph 75.

76. The allegations in paragraph 76 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 76.

77. Defendants admit that California Penal Code section 32310(d) and Senate Bill 1446 speak for themselves. Otherwise, the allegations in the first four sentences of paragraph 77 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in the first four sentences of paragraph 77. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the final two sentences of paragraph 77 and, on that basis, and except as specifically admitted, deny the allegations in paragraph 77.

78. Defendants admit that California Penal Code section 32390, former California Penal Code section 12029, and California Penal Code section 18010(b) speak for themselves. Except as specifically admitted, Defendants deny the allegations in paragraph 78.

79. Defendants admit that the legal authorities cited in paragraph 79 speak for themselves. Otherwise, the allegations in paragraph 79 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, and except as specifically admitted, Defendants deny the allegations in paragraph 79.

80. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 80 and, on that basis, deny the allegations in the first sentence of paragraph 80. The allegations in the second sentence of paragraph 80 characterize Plaintiffs' claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in the second sentence of paragraph 80.

81. The allegations in paragraph 81 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 81.

82. The allegations in paragraph 82 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 82.

83. The allegations in paragraph 83 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 83.

84. The allegations in paragraph 84 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 84.

**COUNT III: VIOLATION OF U.S. CONST. AMENDS. V & XIV**

**(Vagueness)**

85. Defendants incorporate by reference herein the responses contained in paragraphs 1 through 84, inclusive.

86. Count III has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. Therefore, Defendants are not required to respond to the allegations made in paragraph 86.

87. Count III has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. Therefore, Defendants are not required to respond to the allegations made in paragraph 87.

88. Count III has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. Therefore, Defendants are not required to respond to the allegations made in paragraph 88.

89. Count III has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. Therefore, Defendants are not required to respond to the allegations made in paragraph 89.

11
Defendants' Answer to Third Amended Complaint for Declaratory
and Injunctive Relief (2:17-cv-00903-WBS-KJN)

90. Count III has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. Therefore, Defendants are not required to respond to the allegations made in paragraph 90.

91. Count III has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. Therefore, Defendants are not required to respond to the allegations made in paragraph 91.

92. Count III has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. Therefore, Defendants are not required to respond to the allegations made in paragraph 92.

93. Count III has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. Therefore, Defendants are not required to respond to the allegations made in paragraph 93.

94. Count III has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. Therefore, Defendants are not required to respond to the allegations made in paragraph 94.

95. Count III has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. Therefore, Defendants are not required to respond to the allegations made in paragraph 95.

96. Count III has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. Therefore, Defendants are not required to respond to the allegations made in paragraph 96.

**COUNT IV:  VIOLATION OF U.S. CONST. AMENDS. V & XIV**

**(Vagueness and Overbreadth)**

97. Defendants incorporate by reference herein the responses contained in paragraphs 1 through 96, inclusive.

98. Count IV has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. Therefore, Defendants are not required to respond to the allegations made in paragraph 98.

12

Defendants' Answer to Third Amended Complaint for Declaratory
and Injunctive Relief (2:17-cv-00903-WBS-KJN)

99. Count IV has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. Therefore, Defendants are not required to respond to the allegations made in paragraph 99.

100. Count IV has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. Therefore, Defendants are not required to respond to the allegations made in paragraph 100.

101. Count IV has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. Therefore, Defendants are not required to respond to the allegations made in paragraph 101.

102. Count IV has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. Therefore, Defendants are not required to respond to the allegations made in paragraph 102.

103. Count IV has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. Therefore, Defendants are not required to respond to the allegations made in paragraph 103.

104. Count IV has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. Therefore, Defendants are not required to respond to the allegations made in paragraph 104.

105. Count IV has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. Therefore, Defendants are not required to respond to the allegations made in paragraph 105.

106. Count IV has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. Therefore, Defendants are not required to respond to the allegations made in paragraph 106.

107. Count IV has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019. Therefore, Defendants are not required to respond to the allegations made in paragraph 107.

108. Count IV has been dismissed with prejudice in accordance with the Court's order, dated February 25, 2019.  Therefore, Defendants are not required to respond to the allegations made in paragraph 108.

**COUNT V:   VIOLATION OF U.S. CONST. AMEND. XIV; CAL. CONST. ART. I, § 7**

**(Equal Protection)**

109. Defendants incorporate by reference herein the responses contained in paragraphs 1 through 108, inclusive.

110. Defendants admit that the Fourteenth Amendment to the U.S. Constitution speaks for itself.  Except as specifically admitted, Defendants deny the allegations in paragraph 110.

111. Defendants admit that the Article I, section 7, of the California Constitution speaks for itself.  Except as specifically admitted, Defendants deny the allegations in paragraph 111.

112. Defendants admit that the Article I, section 24, of the California Constitution speaks for itself.  Except as specifically admitted, Defendants deny the allegations in paragraph 112.

113. Defendants admit that California Penal Code sections 32445 and 32450(a) speak for themselves.  Except as specifically admitted, Defendants deny the allegations in paragraph 113.

114. The allegations in paragraph 114 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in paragraph 114.

115. The allegations in paragraph 115 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in paragraph 115.

116. The allegations in paragraph 116 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in paragraph 116.

117. The allegations in paragraph 117 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in paragraph 117.

118.   The allegations in paragraph 118 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in paragraph 118.

119.   The allegations in paragraph 119 characterize Plaintiffs claims and are not averments of fact to which Defendants are required to respond.  To the extent a response is required, Defendants deny the allegations in paragraph 119.

**PRAYER FOR RELIEF**

120.   Defendants deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief immediately following paragraph 119 or any relief whatsoever.  To the extent the Prayer for Relief contains any allegations, Defendants deny them.

**AFFIRMATIVE DEFENSES**

In addition to the specific responses to the Complaint, Defendants assert the following affirmative defenses.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint, and the claims for relief alleged therein, fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' equal protection claim (Count V) fails as a matter of law because it is "subsumed by, and coextensive with," their Second Amendment claim (Count I). *See Teixeira v. Cnty. of Alameda*, 822 F.3d 1047, 1052 (9th Cir. 2016) (holding that "because [plaintiff's] equal protection challenge is 'no more than a [Second] Amendment claim dressed in equal protection clothing,' it is 'subsumed by, and coextensive with' the former, and therefore is not cognizable under the Equal Protection Clause." (quoting *Orin v. Barclay*, 272 F.3d 1207, 1213 n.3 (9th Cir. 2001))), *vacated in part*, 854 F.3d 1046 (9th Cir. 2016), *reh'g en banc*, 873 F.3d 670 (9th Cir. 2017) (affirming dismissal of equal protection claim for reasons stated in panel opinion), *cert. denied*, 138 S. Ct. 1988 (2018); *see also Kwong v. Bloomberg*, 723 F.3d 160, 170 n.19 (2d Cir. 2013) ("Like *every* Circuit to have addressed this issue, we simply conclude that plaintiffs should not be allowed to use the Equal Protection Clause 'to obtain review under a more

15

stringent standard' than the standard applicable to their Second Amendment claim.'" (quoting *Woollard v. Gallagher*, 712 F.3d 865, 873 n.4 (4th Cir. 2013))).

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims in this action are barred because they do not have standing to bring suit.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is improper because Plaintiffs have an adequate remedy at law.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred by the equitable doctrines of estoppel, laches, unclean hands, and/or waiver.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Defendants have undertaken any conduct with respect to the subjects and events underlying the Complaint, such conduct was, at all times material thereto, undertaken in good faith and in reasonable reliance on existing law.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants have not knowingly or intentionally waived any applicable affirmative defense. Defendants reserve the right to assert and rely upon additional affirmative defenses to the extent they are applicable.

WHEREFORE, Defendants pray that:

1. Plaintiffs take nothing by reason of the Complaint;
2. Judgment be entered in favor of Defendants and adverse to Plaintiffs;
3. Defendants be awarded costs incurred in defending this action; and
4. Defendants be awarded such further relief that the Court may deem just and proper.

Dated:  March 11, 2019

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

/s/ John D. Echeverria
JOHN D. ECHEVERRIA
Deputy Attorney General
*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

Case Name: **William Wiese, et al. v. Xavier Becerra, et al.**  Case No.: **2:17-cv-00903-WBS-KJN**

I hereby certify that on <u>March 11, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>March 11 2019</u>, at Los Angeles, California.

Gail Agcaoili  
Declarant

/s/ Gail Agcaoili  
Signature

SA2017106942  
63132536.docx