1  ROB BONTA
   Attorney General of California
2  MARK R. BECKINGTON
   Supervising Deputy Attorney General
3  ROBERT L. MEYERHOFF
   Deputy Attorney General
4  State Bar No. 298196
     300 South Spring Street, Suite 1702
5    Los Angeles, CA  90013-1230
     Telephone:  (213) 269-6177
6    Fax:  (916) 731-2144
     E-mail:  Robert.Meyerhoff@doj.ca.gov
7  *Attorneys for Defendant Rob Bonta in his official capacity as Attorney General of the State of California*
8  

9  George M. Lee, State Bar No. 172982
   SEILER EPSTEIN LLP
10    275 Battery Street, Suite 1600
      San Francisco, CA  94111
11    Telephone: (415) 979-0500
      E-mail: gml@seilerepstein.com
12 
13 Raymond M. DiGuiseppe, State Bar No. 228457
   THE DIGUISEPPE LAW FIRM, P.C.
14    4320 Southport-Supply Road, Suite 300
      Southport, North Carolina 28461
      Phone: (910) 713-8804
15    Fax: (910) 672-7705
      Email: law.rmd@gmail.com
16 *Attorneys for Plaintiffs*

17                         IN THE UNITED STATES DISTRICT COURT

18                        FOR THE EASTERN DISTRICT OF CALIFORNIA

19                                    SACRAMENTO DIVISION

20

| | |
|---|---|
| **WILLIAM WIESE, et al.,** | 2:17-cv-00903-WBS-KJN |
| Plaintiff, | **JOINT STATUS REPORT FOLLOWING *DUNCAN v. BONTA*** |
| v. | |
| **XAVIER BECERRA, et al.,** | |
| Defendant. | |

//

1

Pursuant to this Court's Order of May 8, 2019 [Dkt. 110], in which this Court ordered the parties to submit a joint status report within fourteen (14) days after the Ninth Circuit issues its decision in *Duncan v. Bonta*, No. 19-55376, and this Court's Order of August 28, 2020 [Dkt. 113], in which this Court declined to lift the stay following that decision in light of further proceedings, the parties to the above-entitled action now and hereby submit this Joint Status Report following the Ninth Circuit's order remanding the matter of *Duncan v. Bonta* to the district court for further proceedings. *See Duncan v. Bonta*, ___ F.4th ___, 2022 WL 4393577 (9th Cir. Sept. 23, 2022).

### *DUNCAN V. BONTA*

On August 14, 2020, the Ninth Circuit issued its first opinion, sub nom. *Duncan v. Becerra*, in which a divided panel affirmed the district court's grant of summary judgment for the plaintiffs in that action. *Duncan v. Becerra*, 970 F.3d 1133 (9th Cir. 2020).

On November 30, 2021, the Ninth Circuit issued its *en banc* opinion, reversing the trial court. *Duncan v. Bonta*, 19 F.4th 1087 (9th Cir. 2021). Plaintiffs in *Duncan* filed a petition for a writ of certiorari to the United States Supreme Court.

On June 30, 2022, the Supreme Court granted certiorari, vacated the judgment, and remanded to the Ninth Circuit for further consideration in light of the Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v Bruen*, 597 U.S ___, 142 S.Ct. 2111 (2002). *Duncan v. Bonta*, 142 S.Ct. 2895 (June 30, 2022).

On September 23, 2022, the Ninth Circuit vacated the judgment, and remanded to the district court for further proceedings consistent with *Bruen*. *Duncan v. Bonta*, ___ F.4th ___, 2022 WL 4393577 (Sept. 23, 2022).

### **PLAINTIFFS' POSITION RE LIFTING THE STAY, AND MOTION FOR SUMMARY JUDGMENT**

As plaintiffs in this case have been insisting throughout, and most recently in their JOINT STATUS REPORT FOLLOWING DUNCAN V. BECERRA filed on August 26, 2020 [Dkt. 112], plaintiffs reiterate their longstanding request to file a motion for summary judgment as to all claims in this matter.

In *Bruen*, the Supreme Court expressly rejected interest-balancing tests to be applied in Second Amendment challenges to firearm laws, and held that the government has the clear burden in any such challenge to justify the firearm prohibition under the following standards:

> In keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Bruen*, 142 S.Ct. at 2126 (citing *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n.10 (1961)).

In light of *Bruen*, and the State's clear burden in this case, plaintiffs are prepared to file their motion for summary judgment which challenges the State to meet that burden, and will argue that the State cannot do so.

Counsel for defendants have indicated that the State will request the ability to undertake discovery in this matter. Plaintiffs oppose discovery in this case. The only "facts" relevant to resolution of this case are "legislative facts" regarding the history of magazine usage and regulation in this country, and as such all facts can be developed in briefing and argument without the need for expert or other evidence adduced through traditional party discovery methods. *See Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012) (ordering entry of judgment for plaintiffs on review of order granting motion to dismiss because "[t]he constitutionality of the challenged statutory provisions does not present factual questions for determination in a trial . . . . Only adjudicative facts are determined in trials, and only legislative facts are relevant to the constitutionality of the Illinois gun law.")

The Supreme Court's decision in *Bruen* provides further support for dispensing with discovery in this case. In *Bruen*, no factual development occurred in the district court because plaintiffs' claims were foreclosed by circuit precedent at the time the complaint was filed, and the district court accordingly entered judgment against the plaintiffs on the pleadings. *See, New York State Rifle & Pistol Ass'n, Inc. v. Beach*, 354 F. Supp.3d 143 (N.D.N.Y. 2018). In holding New

York's may-issue licensing scheme violated the Second Amendment, the Supreme Court expressly rejected the argument that it could not "answer the question presented without giving respondents the opportunity to develop an evidentiary record," 142 S. Ct. at 2135 n.8, because "in light of the text of the Second Amendment, along with the Nation's history of firearm regulation," the conclusion "that a State may not prevent law-abiding citizens from publicly carrying handguns because they have not demonstrated a special need for self-defense" did not turn on disputed factual questions." *Id*. The same is true here. Application of *Bruen*'s text-and-history test does not involve any analysis of adjudicative facts of the kind that are disclosed through discovery. See *id*. And while the State may point to the historical analysis *Bruen* conducted as a reason to permit expert discovery in this case, it is noteworthy that *Bruen* itself did not have expert witnesses. Indeed, the Supreme Court decided the case based on a motion-to-dismiss record in the district court. This case turns on entirely legal issues that can and should be fully resolved by this Court on evidence presented by the parties in briefing.

If this Court determines that some discovery should be permitted, Plaintiffs reserve the right to take both fact and expert discovery from Defendants.

Therefore, and in light of the very long stay that they have endured while awaiting the *Duncan* case to be decided,[1] plaintiffs in the instant case request that this Court now lift its stay ordered on May 8, 2019 [ECF No. 110], and would further request that the Court order a briefing and hearing schedule on plaintiffs' anticipated motion for summary judgment as to all claims.

Plaintiffs propose to file their motion for summary judgment and supporting papers within thirty (30) days from a scheduling conference or other order allowing such briefing, with a briefing schedule for an opposition and reply to be set by the Court. Plaintiffs would be willing to submit said motion to be decided on the papers, without necessity of a hearing, unless the Court would find a hearing to be necessary or helpful.

---

[1] Plaintiffs would note that the instant case was filed on April 28, 2017, several weeks before the *Duncan* case was filed in the Southern District of California.

**DEFENDANTS' POSITION**

The Court should enter a scheduling order that allows for fact and expert discovery and thus comports with (a) the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2211 (2022), and (b) the regular practice of permitting discovery before motions for summary judgment.

The Supreme Court's decision in *Bruen* fundamentally altered the legal standard for evaluating Second Amendment challenges to firearms regulations. Instead of the two-step framework that the Ninth Circuit and most other federal courts of appeals had adopted for resolving those claims, *Bruen* held that courts must apply a standard "rooted in the Second Amendment's text, as informed by history." *Id.* at 2116–17. Under this new "text-and-history" standard, courts must determine whether "the Second Amendment's plain text" protects the conduct in which the plaintiff wishes to engage, and if it does, then decide whether the regulation "is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126. *Bruen* directs district courts (and then, later, courts of appeals) resolving these questions to follow "various evidentiary principles and default rules," including "the principle of party presentation." *Id.* at 2130 n.6.

In light of this standard, the Court should enter a scheduling order directing the parties to prepare cross-motions for summary judgment, allowing the Court to evaluate Plaintiffs' claims under the text-and-history standard articulated in *Bruen*. Before filing of cross-motions for summary judgment, the parties should be permitted to conduct both fact and expert discovery to develop a factual, legal, and historical record in support of this analysis. This approach would serve the interests of the parties, allowing them a full and fair opportunity to address the new emphasis on historical analogues and to prepare a record responsive to the text-and-history standard. It would also allow this Court to address important questions about how *Bruen* applies in the first instance.

Such a scheduling order would also comport with ordinary practice of allowing parties discovery before permitting motions for summary judgment to be filed. Litigants "should be afforded reasonable access to potentially favorable information prior to the granting of summary

judgment, because on summary judgment all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the summary judgment motion." *Texas Partners v. Conrock Co.*, 685 F.2d 1116, 1119 (9th Cir. 1982) (finding that the "district court erred in granting summary judgment for appellees without affording plaintiffs-appellants the opportunity to proceed with discovery"); *Inspection Mgmt. Sys., Inc. v. Open Door Inspections, Inc.,* No. 209-CV-00023-MCE-GGH, 2009 WL 2030937, at *4 (E.D. Cal. July 9, 2009) (denying partial motion for summary judgment brought "without the benefit of any discovery" because "even if no disputed facts were before this Court, the Court is simply not willing to grant summary judgment at such an early juncture and on such an undeveloped record"); *Ahl-E-Bait Media, Inc. v. Jadoo TV, Inc.*, No. CV1205307MMMPJWX, 2013 WL 11324312, at *5 (C.D. Cal. Apr. 16, 2013) (holding that, and collecting cases for the proposition that, "Rule 56 contemplates a sufficient time for discovery before a summary judgment motion is considered"). Plaintiffs have indicated that they will request that this Court enter a schedule providing for the filing of dispositive motions with the benefit of any discovery. Particularly given *Bruen*'s admonition that lower courts are to follow "evidentiary principles," "default rules," and the "principle of party presentation," Plaintiffs' request to file cross-motions for summary judgment without any discovery should be rejected.

Instead, Defendant proposes the following schedule:

- Last Day to Serve Opening Expert Reports – 2/3/23
- Last Day to Serve Rebuttal Expert Reports – 3/3/23
- Last Day to Serve Sur-Rebuttal Expert Reports – 3/27/23
- Fact and Expert Discovery Cut Off – 3/27/23
- Last Day to File Daubert Motions – 4/4/23
- Last Day to File Cross-Motions for Summary Judgment and All Other Motions (except *Daubert* and all other Motions in Limine) – 4/25/23
- Last Day to File Oppositions to Motions for Summary Judgment and All Other Motions (except *Daubert* and all other Motions in Limine) – 5/23/23

- Last Day to File Replies in Support of Motions for Summary Judgment and All Other Motions (except *Daubert* and all other Motions in Limine) – 6/13/23

▪ ▪ ▪

The parties are available to attend a scheduling conference to discuss these matters, should it please the Court.

Respectfully submitted,

Dated: October 7, 2022                          SEILER EPSTEIN LLP

*/s/ George M. Lee*
George M. Lee
*Attorneys for Plaintiffs*

Dated: October 7, 2022                          ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

*Robert L. Meyerhoff*
ROBERT L. MEYERHOFF
Deputy Attorney General
*Attorneys for Defendants*