UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| WILLIAM WIESE, an individual; JEERMIAH MORRIS, an individual; LANCE COWLEY, an individual; SHERMAN MACASTON, an individual; CLIFFORD FLORES, individually and as trustee of the Flores Family Trust; L.Q. DANG, an individual; FRANK FEDEREAU, an individual; ALAN NORMANDY, an individual; TODD NIELSEN, an individual; THE CALGUNS FOUNDATION; FIREARMS POLICY COALITION; FIREARMS POLICY FOUNDATION; and SECOND AMENDMENT FOUNDATION,<br><br>        Plaintiffs,<br><br>   v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of California; and MARTHA SUPERNOR, in her official capacity as Acting Chief of the Department of Justice Bureau of Firearms,<br><br>        Defendants. | No. 2:17-cv-903 WBS KJN<br><br>ORDER |

----oo0oo----

1

1          The court previously lifted the stay in this case after
2  the Supreme Court vacated the judgment in Duncan v. Bonta, Case
3  No. 3:17-cv-1017-BEN (JLB) (S.D. Cal.), and the Ninth Circuit
4  remanded Duncan for further proceedings consistent with New York
5  State Rifle & Pistol Ass'n, Inc. v Bruen, 142 S. Ct. 2111 (2022).
6  (Docket No. 116.)  Having considered plaintiffs' request to move
7  for summary judgment without any discovery and defendants'
8  request for discovery, the court allowed plaintiffs to file their
9  motion for summary judgment forthwith, with the caveat that the
10 court would consider a request for discovery under Federal Rule
11 of Civil Procedure 56(d) after plaintiffs moved for summary
12 judgment, should defendants feel discovery was necessary to
13 respond to plaintiffs' motion.
14         Plaintiffs have since moved for summary judgment and
15 defendants filed a counter-motion for summary judgment.  (Docket
16 Nos. 123, 125.)  Defendants contend that the evidence as
17 submitted by the parties shows their entitlement to summary
18 judgment, but they also request the opportunity to conduct
19 discovery in accordance with Rule 56(d) if the court is inclined
20 to grant judgment for plaintiffs.  (Docket No. 125-1 at 52.)
21         Rule 56(d) states that:
22 
   If a nonmovant shows by affidavit or declaration that,
   for specified reasons, it cannot present facts
23 essential to justify its opposition, the court may:

24   (1)  defer considering the motion or deny it;

25   (2)  allow time to obtain affidavits or declarations
        or to take discovery; or
26
27   (3)  issue any other appropriate order.

28
                                2

1 | (Fed. R. Civ. P. 56.)

2 |     The court declines to opine at this stage whether it is likely to grant or deny summary judgment as to any party. Nevertheless, courts generally employ a "generous approach toward granting [Rule 56(d)] motions," Berkeley v. Home Ins. Co., 68 F.3d 1409, 1414 (D.C. Cir. 1995), and "the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition,'" Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 846 (9th Cir. 2001) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5, (1986)). See also Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv., 323 F.3d 767, 773 (9th Cir. 2003) (Rule 56(d) requests should granted "fairly freely" where a party has not had "a realistic opportunity to pursue discovery relating to its theory of the case.").

    Here, however, defendants have not shown "by affidavit or declaration" the specific reasons why they cannot present all the facts necessary for their defense. Rather, they vaguely state in their briefing that there are "numerous facts that Plaintiffs identify as material but about which Defendants have had no opportunity to take discovery" such as "the standing of the individual and organizational plaintiffs" or "the methodology and reliability" of a study cited by plaintiffs. (See Docket No. 125-1 at 53.) Defendants also do not estimate how long they need for discovery, nor what specific discovery they request, such as depositions, interrogatories, requests for production, requests for admission, or otherwise. Accordingly, the court cannot

determine what discovery may be appropriate or necessary at this time.

In light of the foregoing, defendants are hereby ORDERED to file the appropriate affidavit or declaration with the court setting forth the information required under Rule 56(d), and shall specifically state what discovery defendants request, including the identity of all witnesses they wish to depose and a description of the nature of the questions they wish to address to those witnesses. Defendants' proffer shall also include any interrogatories and/or requests they intend to serve upon plaintiffs and how long they need to conduct such discovery. The declaration or affidavit shall be filed within seven days of the date of this order. Plaintiffs may file any response to defendants' submission within seven days. The court will then review the parties' submissions and set a hearing on defendants' request for discovery if necessary.

IT IS SO ORDERED.

Dated: June 9, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE