1  ROB BONTA
   Attorney General of California
2  MARK R. BECKINGTON
   Supervising Deputy Attorney General
3  ROBERT L. MEYERHOFF
   Deputy Attorney General
4  State Bar No. 298196
     300 South Spring Street, Suite 1702
5    Los Angeles, CA  90013-1230
     Telephone:  (213) 269-6177
6    Fax:  (916) 731-2144
     E-mail:  Robert.Meyerhoff@doj.ca.gov
7  *Attorneys for Defendants Rob Bonta in his official*
   *capacity as Attorney General of the State of California*
8  *and Allison Mendoza in her Official Capacity as*
   *Director of the Bureau of Firearms*
9

10            IN THE UNITED STATES DISTRICT COURT

11          FOR THE EASTERN DISTRICT OF CALIFORNIA

12                  SACRAMENTO DIVISION

13

14

15  **WILLIAM WIESE, et al.,**                Case No. 2:17-cv-00903-WBS-KJN

16                          Plaintiffs,

17       **v.**                              **DECLARATION OF ROBERT L.**
                                            **MEYERHOFF RE: DEFENDANTS'**
                                            **REQUEST FOR DISCOVERY**
18                                          **PURSUANT TO FEDERAL RULE OF**
                                            **CIVIL PROCEDURE 56(D)**
19  **ROB BONTA, et al.,**
                                            Date:        July 10, 2023
20                          Defendants.     Time:        1:30 p.m.
                                            Courtroom:   5, 14th Floor
21                                          Judge:       Hon. William B. Shubb

22

23

24

25

26

27

28

                                        1
                         Declaration of Robert L. Meyerhoff
                         (Case No. 2:17-cv-00903-WBS-KJN)

### DECLARATION OF ROBERT L. MEYERHOFF

I, Robert L. Meyerhoff, declare under penalty of perjury that the following is true and correct:

1.   I am over the age of eighteen (18) years, competent to testify to the matters contained in this declaration, and testify based on my personal knowledge and information.

2.   I am a Deputy Attorney General with the California Department of Justice, and serve as counsel to Defendants Rob Bonta in his official capacity as Attorney General of the State of California and Allison Mendoza in her Official Capacity as Director of the Bureau of Firearms ("Defendants").

3.   On October 7, 2022, the parties filed a joint status report with the Court. Dkt. No. 115. In that report, Plaintiffs sought leave "to file a motion for summary judgment as to all claims" (*id*. at 2), notwithstanding that no discovery has been taken in this case. Defendants asked the Court to reject Plaintiffs' request and asked to be "permitted to conduct both fact and expert discovery to develop a factual, legal, and historical record in support of" the analysis set forth in *New York State Rifle & Pistol Ass'n v. Bruen*, __ U.S. __, 142 S. Ct. 2111 (2022). *Id*. at 4.

4.   On January 13, 2023, the Court issued an Order noting that "defendants seek expert and fact discovery before the parties file cross motions for summary judgment," but permitting "plaintiffs to file their motion for summary judgment forthwith." Dkt. No. 120 at 2. According to the Order, the "court will then consider [a] request under Federal Rule of Civil Procedure 56(d) after plaintiffs' motion for summary judgment has been filed, should defendants feel discovery is necessary to respond to plaintiffs' motion." *Id*.

5.   On March 31, 2023, Plaintiffs filed their motion for summary judgment. Dkt. No. 123. On May 1, 2023, Defendants filed their opposition to Plaintiffs' motion for summary judgment and counter-motion for summary judgment. Dkt. No. 125. In opposing Plaintiffs' motion for summary judgment, Defendants renewed their request for expert and fact discovery, this time pursuant to Rule 56(d). Dkt. No. 125 at 52-53. On May 31, 2023, Plaintiffs filed their reply in support of their motion for summary judgment and opposition to Defendants' counter-

1    motion for summary judgment, in which they did not request any fact or expert discovery in

2    opposing Defendants' counter-motion. Dkt. No. 127.

3        6.    On June 9, 2023, the Court issued an Order requiring Defendants to file an "affidavit

4    or declaration with the court setting forth the information required under Rule 56(d)." Dkt.

5    No. 128 at 4. In that Order, Defendants were directed to "specifically state what discovery

6    defendants request, including the identity of all witnesses they wish to depose and a description of

7    the nature of the questions they wish to address to those witnesses," and to "include any

8    interrogatories and/or requests they intend to serve upon plaintiffs and how long they need to

9    conduct such discovery." *Id*.

10       7.    Having reviewed Plaintiffs' reply in support of their motion for summary judgment

11   and opposition to Defendants' counter-motion for summary judgment, Defendants now, in the

12   interest of a speedy resolution of the motions and conserving the resources of the parties and the

13   Court, disclaim the need for any written discovery (*i.e.*, requests for admission, document

14   requests, and interrogatories) at this time from Plaintiffs' declarants.

15       8.    Nevertheless, Defendants seek to depose the following individuals who have

16   submitted declarations on Plaintiffs' behalf either as individual Plaintiffs or as representatives of

17   organizational Plaintiffs: L.Q. Dang, Frank Federau, Clifford W. Flores, Alan Gottlieb, Gene

18   Hoffman, Sherman Macaston, Jeremiah Morris, Todd Nielsen, Alan Normandy, Jeff Silvester,

19   and William Wiese. These individuals' declarations contain statements which Plaintiffs rely on to

20   establish Article III standing and to support their claims as substantive evidence.

21       9.    Additionally, Defendants seek to depose D. Allen Youngman and James Curcuruto.

22   On June 12, 2017, General Youngman and Mr. Curcuruto submitted declarations in support of

23   Plaintiffs' prior motion for temporary restraining order and preliminary injunction at Dkt. Nos. 11

24   and 12, respectively. Plaintiffs have reattached those same declarations to the Declaration of

25   George M. Lee [Dkt. No. 123-4] as Exhibits A and B thereto. Neither declarant is a percipient,

26   fact witness (*e.g.*, neither individual claims to be a California resident or a possessor of an LCM),

27   and instead their declarations appear to be province of expert testimony. *See, e.g.*, Youngman

28   Decl., ¶ 6 ("Modern, semi-automatic firearms today are designed to be used, and are sold with

3

ammunition feeding devices, called ammunition magazines."); Curcuruto Decl., ¶ 5 (claiming that LCMs are "widely available for sale as a standalone item to individuals who need a replacement, different-capacity, and/or additional magazines").

10. Defendants have not had an opportunity in this case to depose either General Youngman or Mr. Curcuruto on their opinions and the bases thereof. Because Plaintiffs rely on these declarations in support of their motion for summary judgment, Defendants now seek to depose both. And Defendants are entitled to know whether General Youngman and Mr. Curcuruto stand by these opinions offered six years ago.

11. In an effort to conserve judicial resources and those of the parties, Defendants sought an agreement with Plaintiffs to limit the scope of discovery pursuant to Rule 56(d). Specifically, on June 12, 2023, Defendants proposed that:

- If Plaintiffs agreed to not rely on the named Plaintiffs' declarations for any purpose other than establishing Article III standing, Defendants would not seek discovery in any form from any of the named Plaintiffs pursuant to Rule 56(d); and

- Plaintiffs produce General Youngman and Mr. Curcuruto for deposition at the earliest possible opportunity, or otherwise withdraw the declarations of those two individuals.

A copy of that proposal, contained in an email from Defendants' counsel to Plaintiffs' counsel, is attached hereto as Exhibit A.

12. Plaintiffs rejected Defendants' proposal, stating that (a) they were not willing to disclaim any portion of the declarations they submitted by the named Plaintiffs and instead proposed the parties agree to certain stipulated facts, and (b) they would object to the taking of either General Youngman or Mr. Curcuruto's depositions "on the grounds that legislative facts regarding the history of magazine regulation in this country [sic], and as such all facts and history are subject to historical citations and judicial notice as set forth in the parties' briefing and argument, without the need for expert or other evidence adduced through traditional party discovery methods." *See* Ex. A.

13.  Plaintiffs' positions are not relevant to, and do not obviate the need for, Rule 56(d) discovery. Local Rule 260(c) contemplates the filing of a statement of stipulated facts, but only as to those "facts to which all interested parties agree." In this case, Defendants do not (and cannot) agree to the facts proposed by Plaintiffs, and indeed seek discovery on them.

14.  In addition, Plaintiffs' effort to avoid depositions of General Youngman and Mr. Curcuruto—whereby their credibility and the accuracy of the statements in their declarations would be subjected to inquiry and challenged by Defendants—simply by characterizing their declarations *in toto* as "legislative facts" does not comport with *New York State Rifle & Pistol Ass'n v. Bruen*, __ U.S. __, 142 S. Ct. 2111 (2022). The *Bruen* Court directed district courts "to decide a case based on the historical record compiled by the parties," *id.* at 2130 n.6, and to do so by advising the parties to construct a record just like any other in our adversarial system of adjudication—by following "'various evidentiary principles and default rules' to resolve uncertainties." *Id.* (citation omitted). Characterizing the declarations of General Youngman and Mr. Curcuruto as "legislative facts" does not give Plaintiffs a license to submit their testimony without any examination to confirm the accuracy and reliability of their testimony in this case.

15.  It is Defendants' position that judgment can and should be entered in Defendants' favor on the existing record. If the Court is not inclined to do so on the existing record, Defendants seek discovery pursuant to Rule 56(d). In the interests of judicial economy and a speedy resolution of the parties' motions for summary judgment, Defendants have decided to forego requesting leave to conduct any written discovery, and instead seek only to depose the following individuals, as soon as possible: (1) D. Allen Youngman; (2) James Curcuruto; (3) Luang Q. Dang; (4) Frank Federau; (5) Clifford W. Flores; (6) Alan Gottlieb; (7) Gene Hoffman; (8) Sherman Macaston; (9) Jeremiah Morris; (10) Alan Normandy; (11) Jeff Silvester; and (12) William Wiese. In an effort to complete discovery expeditiously, any such depositions could be conducted remotely. Defendants estimate that each deposition should take no longer than 4 hours each (if not much shorter), with the exception of those of General Youngman and Mr. Curcuruto, which Defendants estimate should take no longer than 7 hours each (if not shorter). Defendants are unable at this time to estimate when such discovery could be completed, because Plaintiffs did

1    not indicate if or when the witnesses would be available to testify (*see* Ex. A). If the Court grants

2    Defendants' request for Rule 56 discovery, Defendants will promptly meet and confer with

3    Plaintiffs in an effort to schedule and complete the discovery as expeditiously as possible.

4    16.   In accordance with the Court's order, and without conceding that any deposition

5    should be limited to such questions or that such information is necessary for Defendants to prevail

6    on summary judgment, Defendants describe "the nature of the questions they wish to address to

7    these witnesses" as follows:

8    a.   Defendants seek to question D. Allen Youngman on his background and

9        qualifications, as well as the statements made in paragraphs 6 through 10 of his

10       declaration, including but not limited to his statements regarding the role of the

11       magazine in the modern semi-automatic firearm, the prevalence of LCMs, and

12       the used magazine resale market.

13   b.   Defendants seek to question James Curcuruto on his background and

14       qualifications, as well as the statements made in paragraphs 4 to 13 of his

15       declaration, including but not limited to his statements regarding the standards

16       and methods of research conducted by NSSF, the prevalence of and market for

17       LCMs, specific research NSSF has conducted concerning LCMs, and

18       assumptions and estimations regarding LCM manufacture and possession.

19   c.   Defendants seek to question Luang Q. Dang on his standing to bring these

20       claims, as well Plaintiff Dang's statements that "the magazines that I have for

21       the Steyr GB pistol were the only magazines made for that pistol" (Dang Decl.,

22       ¶ 5) that "I am not aware of the existence of any subsequently-manufactured ten-

23       round magazines compatible with this particular pistol" (*id.*), that "[w]ithout

24       these magazines, I have no way of operating this pistol" (*id.*) that the LCMs "in

25       my possession have substantial value, as irreplaceable items" (*id.* at ¶ 8) and that

26       "it would likely cost me substantial amounts to replace the magazines with

27       functional equivalents" (*id.*).

28

6

d.  Defendants seek to question Frank Federau on the standing of the organizations of which he is a part to bring these claims, as well as his statement that an LCM is "both independently valuable and a necessary part of a functional firearm" (Federau Decl., ¶ 8).

e.  Defendants seek to question Clifford W. Flores on his standing to bring these claims, as well as his statement that his LCM "has substantial historical and financial value, and is irreplaceable" (Flores Decl., ¶ 8). and that his LCM is "an inherent" part of his firearm (*id*. at (¶ 11).

f.  Defendants seek to question Alan Gottlieb on the standing of the organization of which he is a part to bring these claims, as well as his statements that California Penal Code section 32310 ("Section 32310") "adversely affects SAF members in the exercise of their right to keep and bear arms for self-defense and other lawful purposes in the State" (Gottlieb Decl., ¶ 5) and that an LCM is "both independently valuable and a necessary part of a functional firearm" (*id*. at ¶ 8).

g.  Defendants seek to question Gene Hoffman on the standing of the organization of which he is a part to bring these claims, as well as his statements that Section 32310 "adversely affects CGF members in the exercise of their right to keep and bear arms for self-defense and other lawful purposes in the State" (Hoffman Decl., ¶ 6) and that an LCM is "both independently valuable and a necessary part of a functional firearm" (*id*. at ¶ 9).

h.  Defendants seek to question Sherman Macaston on his standing to bring these claims, as well as his statements that "the magazines that I have for the Smith & Wesson Model 59 pistol were the original magazines that were issued with, or sold with, that pistol" (Macaston Decl., ¶ 6), that "no ten-round magazines were ever produced by the original manufacturer (Smith & Wesson) specifically for use with that pistol" (*id*.), that "subsequently-manufactured ten-round magazines may (I am told) be compatible with this particular pistol" (*id*.), that the LCMs "in my possession have substantial value, as irreplaceable items" (*id*. at ¶ 9), and

7

1   that "it would likely cost me substantial amounts to replace the magazines with

2   functional equivalents" (*id.*).

3   i.   Defendants seek to question Jeremiah Morris on his entitlement to standing, as

4   well as his statements that Section 32310 "adversely affect[s] my right to keep

5   and bear arms for self-defense and other lawful purposes" (Morris Decl., ¶ 6)

6   and that an LCM is "both independently valuable and a necessary part of a

7   functional firearm" (*id.* at ¶ 8).

8   j.   Defendants seek to question Todd Nielsen on his entitlement to standing, as well

9   as his statement that Section 32310 "adversely affect[s] my right to keep and

10   bear arms for self-defense and other lawful purposes" (Nielsen Decl., ¶ 9).

11   k.   Defendants seek to question Alan Normandy on the standing of the organization

12   of which he is a part to bring these claims, as well as his statements that

13   Section 32310 "adversely affects FPC members in the exercise of their right to

14   keep and bear arms for self-defense and other lawful purposes in the State"

15   (Normandy Decl., ¶ 13) and that an LCM is "both independently valuable and a

16   necessary part of a functional firearm" (*id.* at ¶ 16).

17   l.   Defendants seek to question Jeff Silvester on the standing of the organization of

18   which he is a part to bring these claims, as well as his statements that Section

19   32310 "adversely affects FPCAF members in the exercise of their right to keep

20   and bear arms for self-defense and other lawful purposes in the State" (Silvester

21   Decl., ¶ 6) and that an LCM is "both independently valuable and a necessary

22   part of a functional firearm" (*id.* at ¶ 9).

23   m.   Defendants seek to question William Wiese on his entitlement to standing, as

24   well as his statements that Section 32310 "adversely affect[s] my right to keep

25   and bear arms for self-defense and other lawful purposes" (Wiese Decl., ¶ 6) and

26   that an LCM is "both independently valuable and a necessary part of a

27   functional firearm" (*id.* at ¶ 8).

28

8

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.

3    Executed on June 16, 2023, at Los Angeles, CA.

4

5    _____

6    Robert L. Meyerhoff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

# EXHIBIT A

# Re: Wiese et al., v. Bonta, et al. (Case No. 2:17-cv-00903-WBS-KJN)

## Robert Meyerhoff

Thu 6/15/2023 1:32 PM

To:George Lee <gml@seilerepstein.com>; John D. Echeverria <John.Echeverria@doj.ca.gov>;

Cc:Raymond DiGuiseppe <law.rmd@gmail.com>;

Counsel:

Thank you for your response. Unfortunately, we do not find your proposal to be acceptable. The facts that you propose we stipulate to (which concern both Plaintiffs' standing and their substantive claims) are among those that we seek discovery on, and we do not believe the "legislative facts" doctrine can be invoked to prevent discovery from two declarants whose statements you rely on in moving for summary judgment.

As such, we will be filing a declaration on Friday pursuant to the Court's Order (Dkt. No. 128), outlining the Rule 56(d) discovery we request leave to conduct.

Thank you,
Rob

---

**From:** George Lee <gml@seilerepstein.com>
**Sent:** Wednesday, June 14, 2023 10:08 AM
**To:** Robert Meyerhoff; John D. Echeverria
**Cc:** Raymond DiGuiseppe
**Subject:** Re: Wiese et al., v. Bonta, et al. (Case No. 2:17-cv-00903-WBS-KJN)

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Dear Counsel:

Thank you for your email of June 12, below. In response, Plaintiffs would not be willing to "disclaim" any portion of their submitted declarations, and we feel that the request to do so is unreasonable. However, as a compromise measure, Plaintiffs would be willing to do what has been done with your office in other cases, that is, to preliminarily stipulate to certain facts for purposes of the pending motion. Specifically, the proposed stipulated facts that Plaintiffs may offer would be as follows:

Proposed Stipulation:

1. Individual plaintiffs Wiese, Morris, Cowley, Macaston, Flores, Dang, Federau, Normandy, and Nielsen ("Individual Plaintiffs") are members of the organizational plaintiffs California Gun Rights Foundation, Firearms Policy Coalition, FPC Action Foundation, and Second Amendment Foundation ("Organizational Plaintiffs").

2. Each of the Individual Plaintiffs is not disqualified by federal or state law from owning or possessing firearms or ammunition.

3. The Organizational Plaintiffs have members throughout the State of California who have been and would continue to be affected by the laws which prohibit the possession, manufacture, sale, or transfer of "large capacity

4. Each Individual Plaintiff legally acquired LCMs prior to 2000. Each Individual Plaintiff intends to and would acquire additional LCMs and possess them in/bring them into California for their various firearms but for the laws being challenged in this action, to wit: Cal. Pen. Code §§ 32310 as enacted, 32390, 32445, and 32450 (the "Challenged Laws").

5. The Individual Plaintiffs who reside in the State of California (Wiese, Morris, Macaston, Flores, Dang, and Federau) do not intend to relinquish, destroy, remove from the state, or alter their legally-acquired LCMs.

6. The Individual Plaintiffs who reside outside the State of California (Normandy, Nielsen, and Cowley) would, but for California's ban on LCMs, bring with them, possess, and use such magazines while in California both for their own lawful personal self-defense and for the instruction of their students in the lawful use of such magazines, and each would also acquire more such magazines to use for these purposes while in California.

7. Plaintiff Dang does not own any magazines for his particular firearm that hold less than 10 rounds, and is unaware of any such magazines ever having been manufactured for his particular firearm.

8. Plaintiff Macaston does not own any magazines for his particular firearm that hold less than 10 rounds, and is unaware of any such magazines ever having been manufactured for his particular firearm.

9. Plaintiff Flores owns an antique, WWI-era firearm with a LCM, which is the only magazine he owns for that firearm, and he contends that it is irreplaceable. He does not wish to destroy or alter the LCM which he claims has historic value.

10. The declarations of the Individual Plaintiffs are not being offered as expert testimony.

11. Defendants have enforced, and intend to enforce the Challenged Laws.

Please let us know if these stipulated facts would obviate the need to conduct discovery as to the individual plaintiffs pending our respective motions.

As for your request to take the depositions of General Youngman and Mr Curcuruto, Plaintiffs would object to Defendants' request to take their depositions, on the grounds that legislative facts regarding the history of magazine regulation in this country, and as such all facts and history are subject to historical citations and judicial notice as set forth in the parties' briefing and argument, without the need for expert or other evidence adduced through traditional party discovery methods. *See Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012). Such legislative facts are those "which have relevance to the legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court in the enactment of a legislative body." Fed. R. Evid. 201, 1972 Advisory Committee Note. Accordingly, the ordinary application of the Federal Rules of Evidence do not apply to such legislative facts. And moreover, the facts establishing the commonality and use of LCMs for lawful purposes across the country are already well established in the existing record and the existing case law, and are subject to judicial notice.

Accordingly, Plaintiffs will not offer to produce either General Youngman or Mr Curcuruto for deposition, unless and until ordered by the court.

Please let us know if the proposed stipulation above will obviate the need to conduct individual plaintiff discovery, or advise of your proposed revisions to the stipulation as offered. Thank you for your attention to this matter. If you have any questions regarding Plaintiffs' position in this regard, please let us know.

---

George M. Lee
Seiler Epstein LLP | Tel. (415) 979-0500

---

**From:** Raymond DiGuiseppe <law.rmd@gmail.com>
**Date:** Tuesday, June 13, 2023 at 6:41 AM
**To:** Robert Meyerhoff <Robert.Meyerhoff@doj.ca.gov>
**Cc:** George Lee <gml@seilerepstein.com>, John D. Echeverria <John.Echeverria@doj.ca.gov>
**Subject:** Re: Wiese et al., v. Bonta, et al. (Case No. 2:17-cv-00903-WBS-KJN)

Good morning, Rob. While we will certainly consider your proposal, realistically, tomorrow is likely the earliest we'll be able to respond, and it may be Thursday before we have a response, given the need to consider and confer with our clients regarding the requests and implications of your proposal here. But we'll work as expeditiously as possible to formulate our position regarding these issues and get back to you by tomorrow or Thursday at the latest. Thanks.

On Mon, Jun 12, 2023 at 5:59 PM Robert Meyerhoff <Robert.Meyerhoff@doj.ca.gov> wrote:

Counsel:

I write in reference to the Court's Order dated June 9, 2023 [Dkt. No. 128]. In response to Defendants' request for discovery pursuant to Rule 56(d) in the event their Counter-Motion for Summary Judgment is not granted, the Court ordered that Defendants shall file with the court an affidavit or declaration which "specifically state what discovery defendants request, including the identity of all witnesses they wish to depose and a description of the nature of the questions they wish to address to those witnesses," and which shall "include any interrogatories and/or requests they intend to serve upon plaintiffs and how long they need to conduct such discovery." Dkt. 128 at 4.

Defendants believe it is in the interest of the parties and the Court to narrow, as much as possible, the scope of the Rule 56(d) discovery Defendants seek. As such, Defendants propose the following:

1. Discovery from the Named Plaintiffs

   - If Plaintiffs agree to not rely on the named Plaintiffs' declarations for any purpose other than establishing Article III standing, Defendants will not seek discovery in any form from any of the named Plaintiffs pursuant to Rule 56(d). To that effect, Plaintiffs would need to represent to the Court that they are disclaiming those portions of their briefs and declarations that are used as evidence in support of their substantive claims (for example, in support of the claim that LCMs are in common use for self-defense for Second Amendment purposes, or in support of the claim that Section 32310 deprives LCM owners of value for Takings Clause purposes).
   - To the extent that Plaintiffs do not agree with the above proposal and continue to seek to rely on those declarations as evidence in support of their substantive claims, Defendants will seek to depose the named plaintiffs who submitted declarations. If this is the case, when is soonest each of the named Plaintiffs can be available for deposition, which we will need to know to provide the Court with an estimate of the amount of time that would be required to complete discovery?

2. Discovery from D. Allen Youngman and James Curcuruto
   - Plaintiffs rely on the declarations of D. Allen Youngman and James Curcuruto, which were previously submitted in 2017 in support of their request for a preliminary injunction, in now seeking summary judgment. Defendants did not have any opportunity to depose either individual in 2017 or 2023 as to their qualifications or their opinions in this case (and the bases thereof), and of course have not had the opportunity to depose them on whether the opinions they expressed have changed in the intervening six years. Defendants seek to depose Messrs. Youngman and Curcuruto on these topics.
   - Given the Court and the parties' desire to resolve this motion expeditiously, can you please let us know if you are able to produce Messrs. Youngman and Curcuruto for deposition and, if so, when are the soonest dates that they are available? If you are unable or unwilling to produce either (or both) of these individuals, will you agree to withdraw the declarations of the individual or individuals who will not appear if discovery is permitted?

If we are able to reach agreement on any or all of the above issues, we can report that to the Court in our response to the Court's Order. Given our June 16 deadline to file a response, can you please respond to the above proposals by some point tomorrow (June 13)?

Thank you,
Rob

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

--
*The DiGuiseppe Law Firm, P.C.*
*Principal Attorney Raymond DiGuiseppe is licensed to practice in California, North Carolina, the District of Columbia, and New York*

Main Office:
116 N. Howe Street, Suite A
Southport, NC 28461

Mailing Address:
206 East Nash Street, #10790
Post Office Box 10790
Southport, North Carolina 28461

Phone: 910-713-8804

Fax: 910-672-7705

IMPORTANT NOTICE: This message is intended only for the addressee(s) and may contain confidential and/or privileged information.  If you are not the intended recipient, you may not use, copy, disclose, or otherwise disseminate any information contained in the message.  If you have received this message in error, please notify the sender by reply e-mail and delete the message.

# CERTIFICATE OF SERVICE

Case Name:   **Wiese, et al. v. Bonta, et al.**          No.   **2:17-cv-00903-WBS-KJN**

I hereby certify that on <u>June 16, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DECLARATION OF ROBERT L. MEYERHOFF RE: DEFENDANTS' REQUEST FOR DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(D)**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>June 16, 2023</u>, at Los Angeles, California.

| Robert Leslie Meyerhoff | *Robert M* |
|:---:|:---:|
| Declarant | Signature |