1  XAVIER BECERRA, State Bar No. 202668
   Attorney General of California
2  MARK R. BECKINGTON, State Bar No. 126009
   JOHN D. ECHEVERRIA, State Bar No. 268843
3  Supervising Deputy Attorneys General
   ROBERT L. MEYERHOFF, State Bar No. 298196
4  Deputy Attorney General
     300 S. Spring St., Suite 1702
5    Los Angeles, CA  90013
     Telephone:  (213) 269-6177
6    Fax:  (916) 731-2144
     E-mail:  Robert.Meyerhoff@doj.ca.gov
7  *Attorneys for Defendants*

8  George M. Lee, State Bar No. 172982
   SEILER EPSTEIN LLP
9    4 Embarcadero Center, 14th Floor
     San Francisco, CA  94111
10   Telephone:  (415) 979-0500
     E-mail: gml@seilerepstein.com

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **WILLIAM WIESE, et al.,** | 2:17-cv-00903-WBS-KJN |
| Plaintiff, | **JOINT STATUS REPORT RE: STAY OF PROCEEDINGS PENDING** |
| v. | ***DUNCAN v. BONTA*** |
| **XAVIER BECERRA, et al.,** | |
| Defendant. | |

Pursuant to this Court's Order of October 18, 2023 [Dkt. 141], the parties to the above-captioned action hereby submit this Joint Status re: the Ninth Circuit's decision in *Duncan, et. al., v. Bonta*, Case No. 23-55805, as follows:

1

### PLAINTIFFS' POSITION

The Ninth Circuit's recent en banc decision in *Duncan v. Bonta*, --- F.4th ----, 2025 WL 867583 (9th Cir. March 20, 2025), held that the very same provisions of California law at issue in this case are constitutional under the Second Amendment. Plaintiffs respectfully disagree with that decision, and plan to seek to have it reviewed and overturned by a court competent to do so. But that is not this Court. This Court is bound to follow *Duncan*. And so, without waiving any argument that *Duncan* was wrongly decided and that California's laws banning certain firearm ammunition magazines based on capacity are unconstitutional, Plaintiffs respectfully submit that the Court is bound to enter final judgment in this case in favor of Defendants.

Plaintiffs assert that there is no reason to hold this case pending possible certiorari proceedings in *Duncan*. Of course, any circuit precedent may be overturned by the Supreme Court. But it is not this Court's place to hold up all suits where there is a sliver of possibility of that happening—it is to apply the law as the Ninth Circuit has interpreted it. It should do so immediately.

### DEFENDANTS' POSITION

The issues decided in the appeal in *Duncan* are nearly identical to the issues presented in this case, and the record in *Duncan* closely matches the record submitted on the cross-motions for summary judgment in this case. As such, the decision from the en banc panel in *Duncan* informs the proper disposition of the claims asserted by Plaintiffs here. Defendants agree that the decision in *Duncan* requires that the pending cross-motions for summary judgment be resolved in Defendants' favor. At the same time, while the mandate has not yet issued in *Duncan*, the *Duncan* plaintiffs have indicated that they intend to file a petition for writ of certiorari with the Supreme Court, *See* Chuck Michel (@CRPAPresident) March 20, 2025, 10:36 a.m., *available at* https://x.com/CRPAPresident/status/1902773809268265316 (attorney for *Duncan* plaintiffs stating, "[*Duncan*] result is what we expected. SCOTUS bound. More soon."); *see also* Evan Symon, *Appeals Court Finds California's Large Capacity Magazine Ban Doesn't Violate 2nd Amendment*, CALIFORNIA GLOBE, March 21, 2025, 2:55 a.m., available at https://californiaglobe.com/fr/appeals-court-finds-californias-large-capacity-magazine-ban-

doesnt-violate-2nd-amendment/ (attorney for *Duncan* plaintiffs stating that "[w]e will seek review from the Supreme Court immediately").

Thus, while it may best serve the interests of efficiency and judicial economy for the Court to continue the stay in this case pending a resolution of the anticipated petition for writ of certiorari in *Duncan*, Defendants do not oppose the Court lifting the stay and granting summary judgment in favor of Defendants. In Defendants' view, this can be done either on Plaintiffs' concession that *Duncan* requires entry of judgment in Defendants' favor or following a hearing on the cross-motions. In either event, Defendants request an appropriate order, consistent with *Duncan*, that there is no genuine dispute of material fact that Defendants are entitled to judgment as a matter of law at both stages of the Supreme Court's test in Second Amendment cases under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024).

Respectfully submitted,

Dated: April 3, 2025                         SEILER EPSTEIN LLP

/s/ George M. Lee
George M. Lee
*Attorneys for Plaintiffs*

Dated: April 3, 2025                         ROB BONTA
Attorney General of California
MARK R. BECKINGTON
JOHN D. ECHEVERRIA
Supervising Deputy Attorneys General

/s/ Robert L. Meyerhoff
ROBERT L. MEYERHOFF
Deputy Attorney General
*Attorneys for Defendants*